IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERSKINE LITTLETON, PRINCE MANUEL, FERNANDUS GLASS, PASHA GLASS, CASSANDRA TYSON, and PATRICK HARVEY, individually and on behalf of all those similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>MANHEIM REMARKETING, INC.,<br><br>　　　Defendant. | CIVIL ACTION FILE<br><br>NUMBER 1:17-cv-3589-TCB |

# O R D E R

This case comes before the Court on Defendant Manheim Remarketing, Inc.'s motion [50] to dismiss.

## I.  Background

The claims in this case arise from alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid wages and contractual claims. Plaintiffs' complaint was filed as a collective

action by employees and former employees who they allege also failed to receive proper wages under the FLSA. Currently there are a number of representative Plaintiffs and putative opt-in Plaintiffs.

The claims in this case were also initially brought against Plaintiffs' direct employer, Auto Reflections, Inc. and Christopher Bourque, Auto Reflections' owner. Bourque and Auto Reflections were dropped from this case pursuant to the Court's order [61] compelling arbitration.

Plaintiffs worked for Auto Reflections cleaning and detailing cars. Auto Reflections was a subcontractor for Manheim, an automobile auction company. Manheim contracted with Auto Reflections to provide auto detailing services on Manheim's premises, Red Oaks. Plaintiffs allege that Manheim, the only remaining Defendant, was their joint employer along with Auto Reflections.

On February 14, 2018, Plaintiffs filed their third amended complaint [45] setting forth allegations of the joint employer relationship between Manheim and Plaintiffs. Plaintiffs allege, inter alia, that they worked on Manheim's cars on Manheim's premises, that

Manheim specified the hours worked by Auto Reflections employees, that Manheim supervisors personally supervised the Auto Reflections employees, selected which Auto Reflections employees would be allowed to work on Manheim vehicles, and exercised its power to fire Auto Reflections employees. [45] ¶¶ 27–37.

On February 28, 2018, Manheim moved for dismissal, arguing that Plaintiffs' third amended complaint failed to allege a joint employer relationship for purposes of the FLSA.[1]

## II.   Legal Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" This pleading standard does not require "detailed factual allegations," but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[1] Plaintiffs also filed a motion [50] for leave file a sur-reply, which is granted.

Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012) (quoting *id.*). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Iqbal*, 556 U.S. at 678 (citation omitted) (quoting *Twombly*, 550 U.S. at 556); *see also Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324–25 (11th Cir. 2012).

Thus, a claim will survive a motion to dismiss only if the factual allegations in the complaint are "enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555–56 (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). While all well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff, *Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir. 2011),

the Court need not accept as true the plaintiff's legal conclusions, including those couched as factual allegations, *Iqbal*, 556 U.S. at 678.

Thus, evaluation of a motion to dismiss requires two steps: (1) eliminate any allegations in the pleading that are merely legal conclusions, and (2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**III. Analysis**

Manheim argues that Plaintiffs' third amended complaint relies upon conclusory allegations and fails to plead sufficient factual allegations to establish that Manheim is their joint employer. Plaintiffs respond that their allegations are sufficient, and that at any rate, the motion to dismiss stage is not the proper time for making such a fact-specific determination.

As an initial matter, Plaintiffs are incorrect regarding the propriety of analyzing the alleged employment relationship at the motion to dismiss stage. A totality-of-the-circumstances analysis is proper in the Eleventh Circuit at the motion to dismiss stage to

determine whether Plaintiffs have sufficiently alleged an employment relationship. *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (per curiam) (analyzing at motion to dismiss stage whether plaintiff adequately alleged an employment relationship with defendant).

"To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages." *Id.*

> Under the FLSA, an employee is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). To be "employed" includes when an employer "suffer[s] or permit[s] [the employee] to work." 29 U.S.C. § 203(g). To determine if an individual is an employee, "we look at the 'economic reality' of all the circumstances" surrounding the activity. *Brouwer v. Metro. Dade Cty.,* 139 F.3d 817, 819 (11th Cir. 1998). We refer to this test as the "economic reality" test. *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir. 1997). The touchstone of the economic reality test is the alleged employee's economic dependence on the employer. *Freund v. Hi–Tech Satellite, Inc.,* 185 F. App'x 782, 783 (11th Cir. 2006) (citing *Usery v. Pilgrim Equip. Co.,* 527 F.2d 1308, 1311 (5th Cir. 1976)). "[T]he final and determinative question must be whether . . . the personnel are so dependent upon the business with which they are connected

6

> that they come within the protection of the FLSA or are sufficiently independent to lie outside its ambit." *Usery,* 527 F.2d at 1311–12. In *Villarreal v. Woodham,* we said that the economic reality test asks "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." 113 F.3d at 205 (quoting *Bonnette v. Cal. Health & Welfare Agency,* 704 F.2d 1465, 1470 (9th Cir. 1983)).

*Freeman*, 494 F. App'x at 942–43 (alterations in original).

Joint employers must also comply with the FLSA. 29 C.F.R. § 791.2. The analysis of whether Manheim is a joint employer under the FLSA is made using an eight-factor test. *Layton v. DHL Express (USA), Inc.*, 686 F.3d 1172, 1177 (11th Cir. 2012). The eight factors are:

> (1) the nature and degree of control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) preparation of payroll and the payment of wages; (6) ownership of facilities where work occurred; (7) performance of a specialty job integral to the business; and (8) investment in equipment and facilities.

*Freeman*, 494 F. App'x at 943 (quoting *Layton*, 686 F.3d at 1178–81). "No one factor is dispositive and the existence of a joint employer relationship depends on the economic reality of the circumstances." *Id.*

7

Manheim argues that Plaintiffs fail to allege sufficient facts regarding six of the eight factors and concedes only the allegations that Manheim owns the Red Oaks facility and provides the water for cleaning cars. However, the Court finds the third amended complaint contains greater factual allegations than Manheim concedes and that those allegations are more than "mere conclusory statements." [50] at 6.

First, what Plaintiffs do not allege. Plaintiffs do not allege that Manheim was involved in or had the power to set pay rates or methods of payment. They do not allege that Manheim was involved in the preparation of payroll and payment of their wages. They also do not allege that Manheim maintained payroll or employment records for Plaintiffs.

Next, what Plaintiffs do allege. Plaintiffs allege that they are under the control of Manheim supervisors at Red Oak. [45] ¶ 31. They allege that Manheim supervisors, managers, and executives are physically present and supervise Plaintiffs' work, dictating the start and end times. *Id*. They allege that Manheim has control over which Auto Reflections employees may work on the property, and have

8

excluded certain other employees from Red Oak. *Id.* Plaintiffs allege that their work was monitored by certain managers and that at least one manager would bring car dealership representatives to the lot to address concerns regarding the manner and methods by which Plaintiffs detailed cars. *Id.* ¶ 32. Plaintiffs have sufficiently alleged that Manheim exerted control over them that included a high degree of direct and indirect supervision of their work. *Freeman*, 494 F. App'x at 943.

Plaintiffs also allege that Manheim has the power to fire Auto Reflections employees and that employees have in fact been fired and reprimanded at the direction of Manheim executives. [45] ¶ 31. In addition to owning the property and providing the water, Plaintiffs allege that Manheim owns the cars that Plaintiffs detail. *Id.* ¶¶ 34, 36. Plaintiffs further allege that the auto detailing service is essential to Manheim's business because the cars must be cleaned in order to be auctioned at a high price. *Id.* ¶ 35.

In considering the totality of the circumstances presented in the complaint, the Court is mindful that "the factors are used because they

are indicators of economic dependence. They are aids—tools to be used to gauge the degree of dependence of alleged employees on the business to which they are connected . . . ." *Layton*, 686 F.3d at 1177. Plaintiffs allege that their hours worked each day are dictated by Manheim and its auction requirements, causing Plaintiffs to work on their scheduled days off or longer or shorter hours. [45] ¶ 31. The facts alleged in the third amended complaint are strong indicia of economic dependence by Plaintiffs upon Manheim and do not constitute mere conclusory assertions.

Although Manheim presents a close question, at this stage in the case, under the totality of the circumstances, the Court finds that Plaintiffs have adequately alleged Manheim to be their joint employer.[2] Plaintiffs have clearly alleged that Manheim exerts control and supervision over them, reprimanding and correcting their work, excluding specific employees, and terminating some employees at

---

[2] "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (internal punctuation omitted) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

Manheim's direction. They have also alleged their economic dependence on Manheim.

Finally, because the Court finds that Plaintiffs have adequately alleged Manheim to be a joint employer, Manheim's argument that Plaintiffs fail to present a case or controversy and thus lack standing also fails.

## IV. Conclusion

For the foregoing reasons, Manheim's motion [50] to dismiss is denied.

IT IS SO ORDERED this 18th day of April, 2018.

_____
Timothy C. Batten, Sr.
United States District Judge