# EXHIBIT
# A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **ERSKINE LITTLETON, PRINCE MANUEL, FERNANDUS GLASS, PASHA GLASS, CASSANDRA TYSON, RONALD MAY, and PATRICK HARVEY, Individually and on Behalf of All Those Similarly Situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MANHEIM REMARKETING, INC.,**<br><br>**Defendant.** | **CIVIL ACTION FILE NO. 1:17-cv-03589-TCB** |

## <u>SETTLEMENT AGREEMENT</u>

The PLAINTIFFS (on behalf of themselves, OPT-IN PLAINTIFFS, and all members of the SETTLEMENT CLASSES), Defendant MANHEIM REMARKETING, INC. (on behalf of itself, its parent(s), divisions, affiliates, subsidiaries, predecessors and successors, and their directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, attorneys and agents), and former co-Defendants AUTO REFLECTIONS, INC. (on behalf of itself, its parent(s), divisions, affiliates, subsidiaries, predecessors and successors, and their directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, attorneys and agents) and CHRISTOPHER BOURQUE (on behalf of himself and his agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns) (collectively, MANHEIM REMARKETING, INC., AUTO REFLECTIONS, INC. and CHRISTOPHER BOURQUE

are referred to herein as "DEFENDANTS") hereby enter into this SETTLEMETN AGREEMENT.[1]  PLAINTIFFS and DEFENDANTS are referred herein as the "PARTIES".

## I.     RECITALS AND BACKGROUND

A.     On September 15, 2017, Plaintiffs Erskine Littleton, Fernandus Glass, Pasha Glass, Patrick Harvey, Ronald May, Prince Manuel and Ronald May commenced the LITTLETON LIGATION by filing a Complaint in the United States District Court for the Northern District of Georgia, Case No. 1:17-cv-03589-TCB ("LITTLETON LITIGATION"). They thereafter filed three amended complaints, with the third amended complaint filed on February 14, 2018.  In the Third Amended Complaint, the *Littleton* Plaintiffs asserted violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of themselves and "all current and former Auto Reflections employees that were employed by Defendants, in Georgia and Ohio, at any time since September 15, 2014 . . . who worked as auto detailers, logo technicians, and all other Auto Reflections employees that were paid on a piece rate basis."  The *Littleton* Plaintiffs' lawsuit was brought against AUTO REFLECTIONS, INC. as their employer, CHRISTOPHER BOURQUE as the owner of Auto Reflections, Inc., and MANHEIM REMARKETING, INC. under a joint employer theory of liability.  The Third Amended Complaint alleges that the *Littleton* Plaintiffs and those similarly situated were shorted piece rate quantities worked by approximately ten percent (10%), did not receive compensation of at least the minimum wage for all hours worked, and did not receive all overtime wages due, and asserts claims for unpaid overtime under the

---

[1] Terms that appear in all caps shall have the meaning assigned to them in this SETTLEMENT AGREEMENT.

FLSA, unpaid wages under the FLSA, and unpaid minimum wages under the FLSA.  [Dkt. No. 45, Case No. 1:17-CV-03589.]

B.       Former co-Defendants AUTO REFLECTIONS, INC. and CHRISTOPHER BOURQUE were dismissed from the LITTLETON LITIGATION following the Court's April 10, 2018 order granting their Motion to Dismiss and to Compel Arbitration.  [Dkt. No. 61, Case No. 1:17-CV-03589.]

C.       DEFENDANTS deny that they have committed any wrongdoing or violated any federal, state, or local law pertaining to payment of wages or hours worked, have vigorously disputed the claims asserted in the LITTLETON LITIGATION, and assert that they have strong and meritorious defenses to the claims in the LITTLETON LITIGATION.

D.       The LITTLETON LAWSUIT relates to another case, *Fears, et al. v. Auto Reflections, Inc., et al.*, filed in the United States District Court for the Northern District of Georgia, Case No. 1:17-cv-02632-TCB, on July 12, 2017 ("FEARS LITIGATION") by Plaintiffs Brady Fears, Ronald May, and Wayne Walker (a.k.a. Quartavious Dwayne Walker).  The *Fears* Plaintiffs asserted in their First Amended Complaint violations of the FLSA on behalf of themselves and "all persons employed by [Auto Reflections, Inc. and/or Christopher Bourque], in Georgia and Ohio, at any time since July 12, 2014, and through the entry of judgment in this case who worked as auto retailers, auto detail supervisors, and all other hourly employees," and also asserted violations of Georgia and Ohio state law on behalf of themselves and "all persons employed by [Auto Reflections, Inc. and/or Christopher Bourque], in Georgia and Ohio, at any time since July 12, 2013 and through the entry of judgment in this case who worked as auto detailers, auto detail supervisors, and all

other hourly employees." The *Fears* Plaintiffs' lawsuit was brought against AUTO REFLECTIONS, INC. as their employer and CHRISTOPHER BOURQUE as the owner of Auto Reflections, Inc.  Under the First Amended Complaint, the *Fears* Plaintiffs sought on behalf of themselves and those similarly situated unpaid regular wages and unpaid overtime wages under the FLSA and pursuant to a state law breach of contract theory. [Dkt. No. 7, Case No. 1:17-CV-02632-TCB.]  More specifically, the First Amended Complaint asserts claims of unpaid overtime under the FLSA, unpaid wages under the FLSA, state law breach of contract for unpaid wages, and state law unjust enrichment for unpaid wages.

E.     The FEARS LITIGATION was closed pursuant to the Court's February 8, 2018 Order and Judgment granting AUTO REFLECTIONS INC.'S and CHRISTOPHER BOURQUE's Motion to Dismiss and to Compel Arbitration. [Dkt. Nos. 38-39, Case No. 1:17-CV-02632-TCB.]  While the case was closed, the Order and Judgment was not an adjudication on the merits of the claims asserted in the FEARS LITIGATION, and did not foreclose the litigation of such claims in arbitration.  And, subsequently, the Plaintiffs in the FEARS LITIGATION sent a demand for arbitration to AUTO REFLECTIONS, INC. and CHRISTOPHER BOURQUE.

F.     AUTO REFLECTIONS, INC. and CHRISTOPHER BOURQUE deny that they have committed any wrongdoing or violated any federal, state, or local law pertaining to payment of wages or hours worked, have vigorously disputed the claims asserted in the FEARS LITIGATION, and assert that they have strong and meritorious defenses to the claims in the FEARS LITIGATION.

G.     The PARTIES exchanged detailed information and numerous documents

and conducted detailed legal and factual analyses of the PLAINTIFFS' CLAIMS and DEFENDANTS' defenses related to the LITTLETON LITIGATION and the FEARS LITIGATION (collectively, "LITIGATIONS").  And, on August 22, 2018, the PARTIES participated in an all-day mediation session under the direction of mediator Daniel M. Klein, Esq., an experienced class and collective action mediator.  The PARTIES' settlement negotiations resulted in an agreement in principle to settle all claims that were or could have been brought in the LITIGATIONS.

H.     The PARTIES have exchanged several drafts of language addressing the claims subject to this SETTLEMENT AGREEMENT, including drafting and agreeing on a SETTLEMENT NOTICE and a CLAIM FORM.

I.      The PARTIES' ongoing settlement negotiations have culminated in this SETTLEMENT AGREEMENT addressing the PLAINTIFFS' CLAIMS asserted in the LITIGATIONS.

J.      It is the desire and intention of the PARTIES that this SETTLEMENT AGREEMENT shall, for each member of the FINAL SETTLEMENT CLASSES, fully, finally, and forever completely settle, compromise, release, and discharge any and all RELEASED CLAIMS (as defined below).

K.     PLAINTIFFS' Counsel has conducted a thorough investigation of the PLAINTIFFS' claims that PLAINTIFFS asserted against DEFENDANTS in the LITIGATIONS and/or that relate to or could have arisen out of the same facts alleged in the LITIGATIONS or relating to the employment of the PLAINTIFFS and members of the SETTLEMENT CLASSES, including both asserted and unasserted claims.  Based on his

independent investigation and evaluation, PLAINTIFFS' Counsel believes that the settlement of the RELEASED CLAIMS with DEFENDANTS for the consideration of and on the terms set forth in this SETTLEMENT AGREEMENT is fair, reasonable, and adequate, and is in the best interest of PLAINTIFFS, OPT-IN PLAINTIFFS, and the members of the SETTLEMENT CLASSES in light of all known facts and circumstances, including the risk of delay, defenses asserted by DEFENDANTS in response to the PLAINTIFFS' CLAIMS, and numerous potential certification, litigation, arbitration, and appellate issues relating to the PLAINTIFFS' CLAIMS.

L.     RELEASED PERSONS expressly deny any liability or wrongdoing of any kind associated with any and all past and present matters, disputes, claims, demands, and causes of action of any kind whatsoever in these LITIGATIONS and PLAINTIFFS' CLAIMS.  RELEASED PERSONS contend they have complied with all applicable federal and state laws at all times.  By entering into the SETTLEMENT AGREEMENT, DEFENDANTS do not admit any liability or wrongdoing and expressly deny the same.  It is expressly understood and agreed by the PARTIES that the SETTLEMENT AGREEMENT is being entered into by DEFENDANTS solely for the purpose of avoiding the costs and disruption of ongoing litigation and potential arbitrations and resolving the RELEASED CLAIMS on the terms set forth herein.  Nothing in the SETTLEMENT AGREEMENT, the settlement proposals exchanged by the PARTIES, or any motions filed or orders entered pursuant to the SETTLEMENT AGREEMENT, may be construed or deemed as an admission by RELEASED PERSONS of any liability, culpability, negligence, or wrongdoing, including that any SETTLEMENT CLASS member did not receive appropriate

compensation, and the SETTLEMENT AGREEMENT, each of its provisions, its execution, and its implementation, including any motions filed or orders entered, shall not in any respect be construed as, offered, or deemed admissible as evidence, or referred to in any arbitration or legal proceedings for any purpose, except in an action or proceeding to approve, interpret, or enforce the SETTLEMENT AGREEMENT.  Furthermore, neither the SETTLEMENT AGREEMENT, any motions filed, information and/or documents exchanged by the PARTIES in preparation for the mediation, settlement proposals exchanged by the PARTIES, nor orders entered pursuant to the SETTLEMENT AGREEMENT, shall constitute an admission, finding, or evidence that any requirement for representative litigation or class certification has been satisfied in the LITIGATIONS or any other action or proceeding, except for the limited settlement purposes set forth in this SETTLEMENT AGREEMENT.

M.    This SETTLEMENT AGREEMENT shall automatically terminate, and any certification of the SETTLEMENT CLASSES shall automatically be cancelled if this SETTLEMENT AGREEMENT is terminated pursuant to Section XII entitled "Termination of the Settlement Agreement," in which event this SETTLEMENT AGREEMENT shall not be offered, received, or construed as an admission of any kind concerning whether any class or collective is certifiable or any other matter.

N.    The PARTIES shall request the COURT approve, administer, and implement the SETTLEMENT AGREEMENT with respect to those actions and claims settled in this SETTLEMENT AGREEMENT.

## II.    DEFINITIONS

A.     "BAR DATE" is the date that is ninety (90) calendar days after the date on which the CLAIMS ADMINISTRATOR post-marks the SETTLEMENT NOTICE and CLAIM FORM to the members of the SETTLEMENT CLASSES.

B.     "CAFA NOTICE" refers to the notice to be sent and paid for by DEFENDANTS to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b).

C.     "FLSA SETTLEMENT CLASS" refers to any and all persons employed by AUTO REFLECTIONS, INC. who were paid on a piece rate basis and/or who were paid on an hourly basis at a location in the State of Georgia and/or the State of Ohio during the period from July 12, 2014 through and including the date of the PRELIMINARY APPROVAL ORDER.

D.     "STATE LAW SETTLEMENT CLASS" refers to any and all persons employed by AUTO REFLECTIONS, INC. who worked were paid on a piece rate basis and/or an hourly basis at a location in the State of Georgia and/or the State of Ohio during the period from July 12, 2013 through and including the date of PRELIMINARY APPROVAL ORDER.[2]

E.     "CLAIM FORM" refers to the document entitled "Claim Form" agreed to by

---

[2]  The Amended Complaint in the FEARS LITIGATION includes wage and hour claims brought as purported class action claims under state law and Federal Rule of Procedure 23, even though the Third Amended Complaint in the LITTLETON LITIGATION does not. This SETTLEMENT AGREEMENT seeks to resolve all claims that were or could have been brought in both of the LITIGATIONS.   As such, the SETTLEMENT AGREEMENT addresses claims brought as purported collective action claims under the FLSA and claims brought as purported class action claims under state law and Rule 23.

the PARTIES and attached to this SETTLEMENT AGREEMENT as Exhibit A.

F.  "CLAIMS ADMINISTRATOR" refers to AUTO REFLECTIONS, INC., who the PARTIES have agreed will serve as the administrator for this SETTLEMENT AGREEMENT, or a third-party claims administration firm to be retained by AUTO REFLECTIONS, INC. at its sole expense, which will perform all of the administrative duties to effectuate this SETTLEMENT AGREEMENT.

G.  "CLASS COUNSEL" refers to Brandon Thomas of THE LAW OFFICES OF BRANDON A. THOMAS, PC.

H.  "CLASS COUNSEL'S FEES, COSTS AND EXPENSES" means the total amount of CLASS COUNSEL'S attorneys' fees, costs, and expenses approved by the COURT upon application by CLASS COUNSEL, in an amount not to exceed 21.1% of the MAXIMUM GROSS SETTLEMENT AMOUNT, or $40,000.00.

I.  "COURT" means the COURT having jurisdiction of these LITIGATIONS, at any stage, presently the United States District Court for the Northern District of Georgia, Atlanta Division.

J.  "DEFENDANTS" are MANHEIM REMARKETING, INC., AUTO REFLECTIONS, INC. and CHRISTOPHER BOURQUE, and their parent(s), divisions, affiliates, subsidiaries, predecessors and successors, and their directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, heirs, attorneys and agents.

K.  "EMPLOYER-PAID PAYROLL TAXES" refers to all employer-payroll taxes, including FUTA and the employer's share of FICA and state unemployment, unemployment insurance and back-up withholding (if applicable).  These amounts shall be

included in the MAXIMUM GROSS SETTLEMENT AMOUNT.

L.     "ESTIMATED SETTLEMENT PAYMENT" refers to the estimated potential payment to which members of the FINAL SETTLEMENT CLASSES may become entitled pursuant to this SETTLEMENT AGREEMENT, as initially calculated and included in the SETTLEMENT NOTICE sent to members of the SETTLEMENT CLASSES as set forth more fully below in Section V(C).

M.     "FEARS LITIGATION" means the legal action previously pending in the United States District Court for the Northern District of Georgia captioned *Fears, et al. v. Auto Reflections, Inc., et al.*, Case No. 1:17-cv-02632-TCB.

N.     "FINAL APPROVAL ORDER" refers to the order of the COURT (i) granting FINAL JUDGMENT on the RELEASED CLAIMS; (ii) adjudging the terms of the SETTLEMENT AGREEMENT to be fair, reasonable and adequate, and directing consummation of its terms and provisions; (iii) approving CLASS COUNSEL'S application for an award of CLASS COUNSEL'S fees, costs, and expenses; (iv) finally certifying the SETTLEMENT CLASSES for purposes of settlement only; (v) dismissing the RELEASED CLAIMS from the LITTLETON LITIGATION on the merits and with prejudice and permanently enjoining all members of the FINAL SETTLEMENT CLASSES from prosecuting against DEFENDANTS and the RELEASED PERSONS any RELEASED CLAIMS; and (vi) asserting and retaining jurisdiction over the claims alleged, the PARTIES in the LITIGATIONS, and the implementation and administration of this SETTLEMENT AGREEMENT.

O.     "FINAL APPROVAL HEARING" means the hearing contemplated by the

PARTIES, at which the COURT will approve, in final, the SETTLEMENT AGREEMENT and make such other final rulings as are contemplated by this SETTLEMENT AGREEMENT.

P.      "FINAL EFFECTIVE DATE" refers to the first date after all of the following events and conditions have been met or have occurred: (1) the COURT enters a PRELIMINARY APPROVAL ORDER; (2) the BAR DATE passes; (3) the COURT enters a FINAL APPROVAL ORDER; (4) the deadline passes without action by counsel for the PARTIES to terminate the SETTLEMENT AGREEMENT; and (5) the time to appeal from the FINAL APPROVAL ORDER expires and no notice of appeal has been filed or in the event that an appeal is filed, the appellate process is exhausted and the FINAL APPROVAL ORDER has remained intact in all material respects.

Q.      "FINAL JUDGMENT" refers to the judgment entered by the COURT in conjunction with the FINAL APPROVAL ORDER dismissing the RELEASED CLAIMS from the LITTLETON LITIGATION on the merits and with prejudice and permanently enjoining all members of the FINAL SETTLEMENT CLASSES from prosecuting against DEFENDANTS and the RELEASED PERSONS any RELEASED CLAIMS.

R.      "FINAL SETTLEMENT CLASSES" refers to the following separate classes:

1.      "FINAL FLSA SETTLEMENT CLASS" refers to any and all persons employed by AUTO REFLECTIONS, INC. who were paid on a piece-rate basis and/or who were paid on an hourly basis at a location in the State of Georgia and/or the State of Ohio during the period from July 12, 2014 to the date of the PRELIMINARY APPROVAL ORDER and who participates by timely submitting a fully completed CLAIM FORM.

2.      "FINAL STATE LAW SETTLEMENT CLASS" refers to any and all persons employed by AUTO REFLECTIONS, INC. who were paid on a piece-rate basis and/or an hourly basis at a location in the State of Georgia and/or the State of Ohio during the period from July 12, 2013 to the date of the PRELIMINARY APPROVAL ORDER and who do not timely and validly exclude themselves from the class in compliance with the opt-out and exclusion procedures set forth in this SETTLEMENT AGREEMENT.

S.      "FLSA RELEASING PERSONS" means each and every member of the FINAL FLSA SETTLEMENT CLASS and his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns.

T.      "FOURTH AMENDED COMPLAINT" refers to the amended complaint to be filed reasserting in the LITTLETON LITIGATION the prior claims asserted in the FEARS LITIGATION for settlement purposes only as more fully set forth in Section V(A)(1) below.

U.      "INCENTIVE PAYMENT" refers to the amount that may be approved by the COURT for payment to each of the PLAINTIFFS and the ORIGINAL OPT-IN PLAINTIFFS, in an amount not to exceed twenty-five percent (25%) of the MAXIMUM GROSS SETTLEMENT AMOUNT minus CLASS COUNSEL'S FEES, COSTS, AND EXPENSES, or $37,500.00, less applicable taxes and deductions, to be distributed among the PLAINTIFFS and the ORIGINAL OPT-IN PLAINTIFFS in a reasonable proportion to be proposed by CLASS COUNSEL.  These amounts shall be included in the MAXIMUM

GROSS SETTLEMENT AMOUNT.

V.     "LITIGATIONS" means the LITTLETON LITIGATION and the FEARS LITIGATION.

W.     "LITTLETON LITIGATION" means the legal action pending in the United States District Court for the Northern District of Georgia captioned *Littleton, et al. v. Manheim Remarketing, Inc., et al.*, Case No. 1:17-CV-03589-TCB.

X.     "MAXIMUM GROSS SETTLEMENT AMOUNT" is $190,000.00.   The MAXIMUM GROSS SETTLEMENT AMOUNT represents the maximum amount that AUTO REFLECTIONS, INC. would pay pursuant to this SETTLEMENT AGREEMENT if every member of the SETTLEMENT CLASSES participated in the settlement and received a SETTLEMENT PAYMENT, inclusive of SETTLEMENT PAYMENTS, CLASS COUNSEL'S FEES, COSTS AND EXPENSES, INCENTIVE PAYMENTS, and EMPLOYER-PAID PAYROLL TAXES, but does not include SETTLEMENT EXPENSES, expenses related to the CAFA NOTICE and MEDIATION EXPENSES, which AUTO REFLECTIONS, INC. shall separately pay.

Y.     "MEDIATION EXPENSES" means the reasonable fees, costs, and travel-related expenses incurred by Daniel M. Klein, Esq. in performing the services authorized in the Confidential Mediation Agreement and in connection with the mediation of PLAINTIFFS' CLAIMS on August 22, 2018.  AUTO REFLECTIONS, INC. shall separately pay these amounts, which are not included in the MAXIMUM GROSS SETTLEMENT AMOUNT.

Z.     "OBJECTION PERIOD" refers to the period beginning with the date

SETTLEMENT NOTICE and CLAIM FORMS are post-marked to members of the SETTLEMENT CLASSES and ending ninety (90) calendar days thereafter during which members of the STATE LAW SETTLEMENT CLASS may file an objection to the SETTLEMENT AGREEMENT.

AA.   "OBJECTOR" is a member of the STATE LAW SETTLEMENT CLASS who has timely and properly objected to the SETTLEMENT AGREEMENT during the OBJECTION PERIOD.

BB.   "OPT-IN PLAINTIFFS" refers to those individuals who file with the COURT a consent to opt-in to become a party-plaintiff and/or a CLAIM FORM in the LITTLETON LITIGATION or the FEARS LITIGATION on or before the BAR DATE, as reflected in the COURT'S docket in the LITTLETON LITIGATION and the FEARS LITIGATION.

CC.   "OPT-OUT" refers to any member of the STATE LAW SETTLEMENT CLASS who timely and properly files a Request for Exclusion during the OPT-OUT PERIOD.

DD.   "OPT-OUT PERIOD" refers to the period beginning with the date the SETTLEMENT NOTICE and CLAIM FORMS are post-marked to members of the SETTLEMENT CLASSES and ending ninety (90) calendar days thereafter during which a member of the STATE LAW SETTLEMENT CLASS may timely and properly file a Request for Exclusion.

EE.   "ORIGINAL OPT-IN PLAINTIFFS" refers to individuals who filed with the COURT a consent to opt-in to become a party-plaintiff in the LITTLETON LITIGATION or the FEARS LITIGATION prior to August 22, 2018, when the PARTIES conducted their

mediation, as reflected in the COURT'S docket in the LITTLETON LITIGATION and the FEARS LITIGATION.

FF.     "PARTIES" refers to the PLAINTIFFS and OPT-IN PLAINTIFFS, who have timely asserted claims, and the DEFENDANTS, and, in the singular, refers to any of them, as the context makes apparent.

GG.     "PLAINTIFFS" refers to Erskine Littleton, Cassandra Tyson, Fernandus Glass, Pasha Glass, Patrick Harvey, Prince Manuel, Ronald May, Brady Fears, and Wayne Walker (a.k.a. Quartavious Dwayne Walker), who, together with CLASS COUNSEL, covenant and represent that they seek to be appointed as class representatives and CLASS COUNSEL for the SETTLEMENT CLASSES, including all OPT-IN PLAINTIFFS, with respect to the LITIGATIONS and this SETTLEMENT AGREEMENT, and that they have the legal right and authority to seek to act as representatives of the SETTLEMENT CLASSES, including all OPT-IN PLAINTIFFS and ORIGINAL OPT-IN PLAINTIFFS, and to make decisions on their behalf concerning PLAINTIFFS' CLAIMS asserted in the LITIGATIONS, the method and manner of conducting the LITIGATIONS with respect to PLAINTIFFS' CLAIMS, and the execution of this SETTLEMENT AGREEMENT on behalf of the SETTLEMENT CLASSES, including all OPT-IN PLAINTIFFS and ORIGINAL OPT-IN PLAINTIFFS.

HH.     "PLAINTIFFS' CLAIMS" refers to those claims asserted in the LITIGATIONS alleging that DEFENDANTS did not properly compensate their employees or alleged employees in violation of the FLSA and/or state law.

II.     "PRELIMINARY APPROVAL HEARING" means the hearing contemplated

by the PARTIES at which the COURT may preliminarily approve the SETTLEMENT AGREEMENT and make such other rulings as are contemplated by this SETTLEMENT AGREEMENT and the PRELIMINARY APPROVAL ORDER.

JJ.     "PRELIMINARY APPROVAL ORDER" refers to the order of the COURT: (1) asserting jurisdiction over the claims alleged, the PARTIES in the LITIGATIONS, and the implementation and administration of this SETTLEMENT AGREEMENT; (2) adjudging the terms of the SETTLEMENT AGREEMENT to preliminarily be fair, reasonable and adequate, and in the best interests of the PLAINTIFFS, OPT-IN PLAINTIFFS, and members of the SETTLEMENT CLASSES, and directing consummation of its terms and provisions; (3) conditionally certifying the SETTLEMENT CLASSES for settlement purposes only; (4) appointing the PLAINTIFFS as plaintiffs who, together with CLASS COUNSEL, shall be authorized to act on behalf of all members of the SETTLEMENT CLASSES with respect to the PLAINTIFFS' CLAIMS asserted in the LITIGATIONS and this SETTLEMENT AGREEMENT; (5) approving as to form and content the SETTLEMENT NOTICE and CLAIM FORM and authorizing the first-class mailing of the SETTLEMENT NOTICE and CLAIM FORM to all members of the SETTLEMENT CLASSES; (6) appointing the PLAINTIFFS' Counsel as CLASS COUNSEL for the SETTLEMENT CLASSES pursuant to Section 216(b) of the FLSA and Federal Rule of Civil Procedure 23; (7) approving the CLAIMS ADMINISTRATOR selected by the PARTIES or appointing a third-party claims administrator that is acceptable to the PARTIES; and (8) setting a ninety (90) calendar day deadline for the execution and return of fully completed CLAIM FORMS, requests for exclusion, or objections.

KK.    "RELEASED CLAIMS" refers to the released claims set forth in Section VIII.

LL.    "RELEASED PARTIES" refers to DEFENDANTS as well as to each of their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in interests and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by the DEFENDANTS, divisions, units, branches and any other persons or entities acting on their behalf, including any entity that was a customer of the DEFENDANTS for which any member of the Settlement Classes performed work or services during their employment with the DEFENDANTS.

MM.    "RELEASING PERSONS" refers to (1) each and every member of the FINAL STATE LAW SETTLEMENT CLASS and his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns; and (2) each and every member of the FINAL FLSA SETTLEMENT CLASS and his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns.

NN.    "REVISED GROSS SETTLEMENT AMOUNT" means the MAXIMUM

GROSS SETTLEMENT AMOUNT minus the amount approved by the COURT for CLASS COUNSEL'S FEES, COSTS AND EXPENSES, INCENTIVE PAYMENTS, and EMPLOYER-PAID PAYROLL TAXES.   The REVISED GROSS SETTLEMENT AMOUNT shall be allocated among members of the FINAL FLSA SETTLEMENT CLASS and the FINAL STATE LAW SETTLEMENT CLASS.

OO.   "SETTLEMENT AGREEMENT" refers to this Stipulation and Settlement Agreement.

PP.   "SETTLEMENT CLASSES" refers to those classes to be certified by the COURT solely for the purpose of effectuating this SETTLEMENT AGREEMENT.   The SETTLEMENT CLASSES shall consist of the FLSA SETTLEMENT CLASS and the STATE LAW SETTLEMENT CLASS.

QQ.   "SETTLEMENT EXPENSES" means the reasonable fees, costs, and expenses incurred by the CLAIMS ADMINISTRATOR in performing the services authorized in this SETTLEMENT AGREEMENT.   These amounts shall not be included in the MAXIMUM GROSS SETTLEMENT AMOUNT.

RR.   "SETTLEMENT NOTICE" refers to the notice agreed upon by the PARTIES attached to this SETTLEMENT AGREEMENT as Exhibit B, and to be directed to members of the SETTLEMENT CLASSES.   The purpose of the SETTLEMENT NOTICE is to inform members of the SETTLEMENT CLASSES about the LITIGATIONS and this SETTLEMENT AGREEMENT.

SS.   "SETTLEMENT PAYMENT" refers to the payment to which members of the FINAL SETTLEMENT CLASSES may become entitled pursuant to this SETTLEMENT

AGREEMENT, as set forth more fully below in Section V(M).

### III. CERTIFICATION OF THE SETTLEMENT CLASSES FOR SETTLEMENT PURPOSES ONLY

A.      The PARTIES agree to request the COURT to certify, for settlement purposes only, the following SETTLEMENT CLASSES:

1.      FLSA SETTLEMENT CLASS pursuant to Section 216(b) of the FLSA; and

2.      STATE LAW SETTLEMENT CLASS pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.      The SETTLEMENT AGREEMENT is contingent upon the approval and certification of the COURT of the SETTLEMENT CLASSES for settlement purposes only.

C.      DEFENDANTS do not waive, and instead expressly reserve their rights to challenge the propriety of collective action certification or class action certification for any purpose as if this SETTLEMENT AGREEMENT had not been entered into by the PARTIES should the COURT not approve the SETTLEMENT AGREEMENT or should counsel for a PARTY exercise its rights under the SETTLEMENT AGREEMENT to terminate the SETTLEMENT AGREEMENT.

### IV. TERMS OF MAXIMUM GROSS SETTLEMENT AMOUNT

A.      PLAINTIFFS and DEFENDANTS have agreed to a common fund partial claims made settlement with the MAXIMUM GROSS SETTLEMENT AMOUNT equal to $190,000, inclusive of all SETTLEMENT PAYMENTS, CLASS COUNSEL'S FEES, COSTS AND EXPENSES, INCENTIVE PAYMENTS, and EMPLOYER-PAID PAYROLL TAXES.

B.     In no event shall the total distribution and payments made by AUTO REFLECTIONS, INC., including but not limited to SETTLEMENT PAYMENTS, CLASS COUNSEL'S FEES, COSTS AND EXPENSES, INCENTIVE PAYMENTS, and EMPLOYER-PAID PAYROLL TAXES, but excluding SETTLEMENT EXPENSES, expenses related to the CAFA NOTICE and MEDIATION EXPENSES, which AUTO REFLECTIONS, INC. shall separately pay, exceed the MAXIMUM GROSS SETTLEMENT AMOUNT.

C.     DEFENDANTS may not be called upon or required to contribute additional monies above the MAXIMUM GROSS SETTLEMENT AMOUNT under any circumstances.

D.     Members of the FINAL SETTLEMENT CLASSES will bear their own withholding taxes (*e.g.*, FICA, FUTA) on the back pay portion of their SETTLEMENT PAYMENTS and will be responsible for remitting to State and/or Federal taxing authorities any applicable other taxes due and shall hold DEFENDANTS harmless and indemnify RELEASED PARTIES for any liabilities, costs and expenses, including attorneys' fees, assessed or caused by any such taxing authority which result from the failure of a member of the FINAL SETTLEMENT CLASSES to remit taxes due on payments made to him or her pursuant to the SETTLEMENT AGREEMENT.

E.     The MAXIMUM GROSS SETTLEMENT AMOUNT shall not be segregated and may remain in DEFENDANTS' general funds until distribution, as set forth below.

F.     Any amounts that are not distributed to members of the FINAL SETTLEMENT CLASSES as SETTLEMENT PAYMENTS or pursuant to CLASS

COUNSEL'S FEES, COSTS AND EXPENSES, INCENTIVE PAYMENTS, or EMPLOYER-PAID PAYROLL TAXES shall remain the sole and exclusive property of AUTO REFLECTIONS, INC. pursuant to the terms described in Section V(V).

### V. TERMS OF SETTLEMENT

A.     After the SETTLEMENT AGREEMENT is executed by the PLAINTIFFS (on behalf of themselves, OPT-IN PLAINTIFFS, and all members of the SETTLEMENT CLASSES), DEFENDANTS, and counsel for the PARTIES, the PARTIES shall at the same time:

(1) File with the COURT in the LITTLETON LITIGATION, by stipulation of the PARTIES, an executed copy of an agreed FOURTH AMENDED COMPLAINT which, in addition to the current claims pending in the LITTLETON LITIGATION, re-asserts for settlement approval purposes only the claims previously asserted in the FEARS LITIGATION against the same defendants and on behalf of the same putative collective and class previously proposed in the FEARS LITIGATION;

(2) Jointly file with the Court a Joint Motion to Stay Defendants' Responsive Pleading Deadline to the Fourth Amended Complaint in light of the PARTIES' request to approve their settlement as set forth in this SETTLEMENT AGREEMENT; and

(3) Submit this SETTLEMENT AGREEMENT (including all exhibits referenced herein) to the COURT and jointly move the COURT for a PRELIMINARY APPROVAL ORDER.

B.     Except to the extent provided below with respect to the termination of this SETTLEMENT AGREEMENT, the PARTIES agree to take reasonable steps necessary to

secure a PRELIMINARY APPROVAL ORDER from the COURT.  If this SETTLEMENT AGREEMENT is not approved by the Court, PLAINTIFFS agree to voluntarily dismiss the newly re-asserted claims in the FOURTH AMENDED COMPLAINT without prejudice within fourteen (14) days of notification from the COURT that this SETTLEMENT AGREEMENT is not approved and pursue any such claims against AUTO REFLECTIONS, INC. and CHRISTOPHER BOURQUE in accordance with the provisions of their arbitration agreements pursuant to which the FEARS LITIGATION was previously dismissed.

  C. Within thirty (30) calendar days after the execution of the SETTLMENT AGREEMENT, following its receipt of the list of members of the SETTLEMENT CLASSES, the CLAIMS ADMINISTRATOR shall calculate the ESTIMATED SETTLEMENT PAYMENTS for each member of the SETTLEMENT CLASSES pursuant to the following formula:

> The REVISED GROSS SETTLEMENT AMOUNT shall be allocated among members of the SETTLEMENT CLASSES as follows:
>
> (1) Eighty percent (80%) of the REVISED GROSS SETTLEMENT AMOUNT shall be paid to the FLSA SETTLEMENT CLASS in a gross amount not to exceed $90,000.00.  Each member of the FLSA SETTLEMENT CLASS shall be eligible to receive a potential SETTLEMENT PAYMENT in an amount equal to his or her pro rata portion.  The pro rata portion shall be determined: by (a) dividing 80% of the REVISED GROSS SETTLEMENT by the gross number of weeks worked by all members of the FLSA SETTLEMENT CLASS from July 12, 2014 through and including the date of the PRELIMINARY APPROVAL ORDER, to establish a "per week" amount; then (b) multiplying the "per week" amount by the number of weeks an individual member performed work while employed by AUTO REFLECTIONS, INC. from July 12, 2014 through and including the date of the PRELIMINARY APPROVAL ORDER.

    (2) Twenty percent (20%) of the REVISED GROSS SETTLEMENT AMOUNT shall be paid to the STATE LAW SETTLEMENT CLASS in a gross amount not to exceed $22,500.00. Each member of the STATE LAW SETTLEMENT CLASS shall be eligible to his or her pro rata portion. The potential pro rata portion shall be determined: by (a) dividing 20% of the REVISED GROSS SETTLEMENT by the gross number of weeks worked by all members of the STATE LAW SETTLEMENT CLASS from July 12, 2013 through and including the date of the PRELIMINARY APPROVAL ORDER, to establish a "per week" amount; then (b) multiplying the "per week" amount by the number of weeks an individual member performed work while employed by AUTO REFLECTIONS, INC. from July 12, 2013 through and including the date of the PRELIMINARY APPROVAL ORDER.

The total of all potential SETTLEMENT PAYMENTS shall equal the REVISED GROSS SETTLEMENT AMOUNT.

   D. The CLAIMS ADMINISTRATOR shall provide its calculations to CLASS COUNSEL and counsel for DEFENDANTS. The calculations to be provided to CLASS COUNSEL shall identify the PLAINTIFFS and OPT-IN PLAINTIFFS by name or other personal identifiers such as address and telephone number.

   E. CLASS COUNSEL and counsel for DEFENDANTS shall have ten (10) business days to review, verify, and comment on the calculations provided by the CLAIMS ADMINISTRATOR. The CLAIMS ADMINISTRATOR shall review any comments received from CLASS COUNSEL and/or counsel for DEFENDANTS and shall finalize the potential SETTLEMENT PAYMENT calculations within five (5) business days thereafter. The CLAIMS ADMINISTRATOR'S determination (after input from CLASS COUNSEL and counsel for DEFENDANTS) of the potential SETTLEMENT PAYMENT amounts for each member of the SETTLEMENT CLASSES shall be final.

F.     Twenty (20) calendar days after the COURT has issued the PRELIMINARY APPROVAL ORDER, and after the CLAIMS ADMINISTRATOR has finalized the potential SETTLEMENT PAYMENT amounts for each member of the SETTLEMENT CLASSES, the CLAIMS ADMINISTRATOR shall mail, by first class U.S. Mail, the Court-approved SETTLEMENT NOTICE and CLAIM FORM to each member of the SETTLEMENT CLASSES (for the PLAINTIFFS and OPT-IN PLAINTIFFS, these documents will be mailed to CLASS COUNSEL).  Prior to mailing the SETTLEMENT NOTICE, the CLAIMS ADMINISTRATOR shall attempt to confirm the accuracy and, if necessary, update the addresses of the members of the SETTLEMENT CLASSES through the United States Post Office's National Change of Address ("NCOA") database.  Prior to mailing the SETTLEMENT NOTICE, the CLAIMS ADMINISTRATOR shall make reasonable efforts to locate the name and contact information for the heir(s) and/or the trustee, executor or personal representative for the estates of any deceased PLAINTIFFS, OPT-IN PLAINTIFFS, or members of the SETTLEMENT CLASSES.  All mailings by the CLAIMS ADMINISTRATOR shall be by first-class U.S. mail.  The mailing that includes the SETTLEMENT NOTICE and CLAIM FORM will include a pre-addressed return envelope that will not be postage prepaid.  If a SETTLEMENT NOTICE and CLAIM FORM is returned as undeliverable, the CLAIMS ADMINISTRATOR will perform one computerized skip trace and resend by first-class mail the COURT-approved SETTLEMENT NOTICE and CLAIM FORM once only to those members of the SETTLEMENT CLASSES for whom it obtains more recent addresses.

G.     The CLAIMS ADMINISTRATOR shall not post on its website the names or any other identifying information concerning the SETTLEMENT CLASSES, the SETTLEMENT AGREEMENT, or DEFENDANTS.

H.     The CLAIMS ADMINISTRATOR shall re-mail only the COURT-approved SETTLEMENT NOTICE and CLAIM FORM to any member of the SETTLEMENT CLASSES who contacts the CLAIMS ADMINISTRATOR during the time period between the initial mailing of the SETTLEMENT NOTICE and CLAIM FORM and the BAR DATE, represents to the CLAIMS ADMINISTRATOR that they did not receive the initial mailing of the SETTLEMENT NOTICE and CLAIM FORM or misplaced the SETTLEMENT NOTICE or CLAIM FORM, and requests that a SETTLEMENT NOTICE and CLAIM FORM be re-mailed.

I.     Members of the FLSA SETTLEMENT CLASS (or if applicable the heir(s) and/or the trustee, executor or personal representative for the estates of any deceased members of the FLSA SETTLEMENT CLASS) must timely send a fully completed CLAIM FORM via U.S. Mail, overnight delivery service, facsimile, or scanned copy of the fully completed CLAIM FORM via email so that it is received by the CLAIMS ADMINISTRATOR on or before the BAR DATE in order to become a member of the FINAL FLSA SETTLEMENT CLASS and receive any monetary benefits from the SETTLEMENT AGREEMENT.

J.     In the event a member of the SETTLEMENT CLASSES submits a CLAIM FORM in a timely manner (*i.e.*, received by the CLAIMS ADMINISTRATOR on or before the BAR DATE), but the CLAIM FORM is incomplete or otherwise deficient in one or more

aspects, the CLAIMS ADMINISTRATOR shall (no later than fourteen (14) calendar days following the BAR DATE) return the deficient document to the individual with a letter explaining the deficiencies and stating that the individual will have fifteen (15) calendar days from the date the deficiency notice is postmarked to the member of the SETTLEMENT CLASSES to correct the deficiencies, provide any necessary information, and resubmit the document.  The envelope containing the corrected and resubmitted CLAIM FORM must be postmarked within fifteen (15) days of the date the deficiency notice is mailed to the individual to be considered timely.  The CLAIMS ADMINISTRATOR'S decision on whether the deficiency has been remedied shall be binding on the PARTIES and the individual member of the SETTLEMENT CLASSES.

K.    In order to be a member of the FINAL FLSA SETTLEMENT CLASS and receive a SETTLEMENT PAYMENT as a part of the FINAL FLSA SETTLEMENT CLASS, each member of the FINAL FLSA SETTLEMENT CLASS must timely send a fully completed CLAIM FORM via U.S. Mail, overnight delivery service, facsimile, or scanned copy of the fully completed CLAIM FORM via email so that it is received by the CLAIMS ADMINISTRATOR on or before the BAR DATE, except as otherwise provided herein. Any member of the SETTLEMENT CLASSES who fails to timely return a CLAIM FORM by the BAR DATE shall not be entitled to receive any portion of the SETTLMENT PAYMENT allocated to the FINAL FLSA SETTLEMENT CLASS.

L.    Members of the STATE LAW SETTLEMENT CLASS may OPT-OUT of the that class by sending a Request for Exclusion to the CLAIMS ADMINISTRATOR via U.S. Mail, overnight delivery service, facsimile, or scanned copy of the Request for Exclusion via

email, expressing his/her desire to be excluded from the FINAL STATE LAW SETTLEMENT CLASS, including his/her name (and former names, if any), current address, telephone number, and Social Security number, and the dates of employment with AUTO REFLECTIONS, INC.  Any such Request for Exclusion must be received by the CLAIMS ADMINISTRATOR on or before the BAR DATE in order to be considered timely and to exclude the individual from the FINAL STATE LAW SETTLEMENT CLASS.  Requests for Exclusion that do not include all required information, or that are not received by the CLAIM ADMINISTRATOR during the OPT-OUT PERIOD, will be deemed null, void, and ineffective.  Any member of the STATE LAW SETTLEMENT CLASS who submits a valid and timely request to OPT-OUT shall forfeit any right to distribution of any portion of the SETTLEMENT PAYMENT allocated to the STATE LAW SETTLEMENT CLASS and will not be bound by the terms of the SETTLEMENT AGREEMENT pertaining to the STATE LAW SETTLEMENT CLASS, if approved, or the FINAL JUDGMENT on the RELEASED CLAIMS pertaining to the STATE LAW SETTLEMENT CLASS.

M.     Within thirty (30) calendar days after the deadline for the submission of corrected CLAIM FORMS to the CLAIMS ADMINISTRATOR, but before the date of the FINAL APPROVAL HEARING, the CLAIMS ADMINISTRATOR shall certify jointly to CLASS COUNSEL and DEFENDANTS' counsels (1) a list of all members of the SETTLEMENT CLASSES who timely filed a fully completed CLAIM FORM; (2) a list of all members of the STATE LAW SETTLEMENT CLASS who filed a timely objection; (3) the list of all members of the STATE LAW SETTLEMENT CLASS who timely and properly requested to OPT-OUT at any time during the OPT-OUT PERIOD; and (4) the total

SETTLEMENT PAYMENT due to each AUTHORIZED CLAIMANT (calculated as follows), and provide that information to CLASS COUNSEL and DEFENDANTS' counsels. The final SETTLEMENT PAYMENTS for each member of the FINAL SETTLEMENT CLASSES shall be calculated pursuant to the following formula:

> The REVISED GROSS SETTLEMENT AMOUNT shall be allocated among members of the SETTLEMENT CLASSES as follows:

> (1) Eighty percent (80%) of the REVISED GROSS SETTLEMENT AMOUNT shall be paid to members of the FINAL FLSA SETTLEMENT CLASS in a gross amount not to exceed $90,000.00. Each member of the FINAL FLSA SETTLEMENT CLASS shall be eligible to receive a SETTLEMENT PAYMENT in an amount equal to his or her pro rata portion. The pro rata portion shall be determined: by (a) dividing 80% of the REVISED GROSS SETTLEMENT by the gross number of weeks worked by all members of the FINAL FLSA SETTLEMENT CLASS from July 12, 2014 through and including the date of the PRELIMINARY APPROVAL ORDER, to establish a "per week" amount; then (b) multiplying the "per week" amount by the number of weeks an individual member performed work while employed by AUTO REFLECTIONS, INC. from July 12, 2014 through and including the date of the PRELIMINARY APPROVAL ORDER.

> (2) Twenty percent (20%) of the REVISED GROSS SETTLEMENT AMOUNT shall be allocated to the STATE LAW SETTLEMENT CLASS in a gross amount not to exceed $22,500.00. Each member of the FINAL STATE LAW SETTLEMENT CLASS shall be eligible to his or her pro rata portion. The pro rata portion shall be determined: by (a) dividing 20% of the REVISED GROSS SETTLEMENT by the gross number of weeks worked by all members of the FINAL STATE LAW SETTLEMENT CLASS from July 12, 2013 through and including the date of the PRELIMINARY APPROVAL ORDER, to establish a "per week" amount; then (b) multiplying the "per week" amount by the number of weeks an individual member performed work while employed by AUTO REFLECTIONS, INC. from July 12, 2013 through and including the date of the PRELIMINARY APPROVAL ORDER. If any STATE LAW

SETTLEMENT CLASS member is an OPT-OUT, his or her pro rata portion will remain the property of AUTO REFLECTIONS, INC.

The total of all SETTLEMENT PAYMENTS shall equal the REVISED GROSS SETTLEMENT AMOUNT.

N.     As soon as practicable following the BAR DATE, but before the date of the FINAL APPROVAL HEARING, the CLAIMS ADMINISTRATOR shall provide CLASS COUNSEL and DEFENDANTS' counsels with a declaration of due diligence and proof of mailing with regard to the mailing of the SETTLEMENT NOTICE and CLAIM FORM. The PARTIES' counsel shall bear the responsibility of filing this declaration with the COURT prior to the date of the FINAL APPROVAL HEARING.

O.     The date of the FINAL APPROVAL HEARING shall be set by the COURT but in no event shall be scheduled prior to the required time frame set forth in CAFA, and notice of such hearing shall be provided to members of the SETTLEMENT CLASSES in the SETTLEMENT NOTICE, although such hearing may be continued by the COURT without further notice to members of the SETTLEMENT CLASSES, other than those who are OBJECTORS.

P.     The PARTIES shall submit a proposed order of FINAL JUDGMENT setting forth the terms of this SETTLEMENT AGREEMENT, by incorporation or otherwise, for execution and entry by the COURT at the time of the FINAL APPROVAL HEARING or at such other time as the COURT deems appropriate.

Q.     Within twenty (20) calendar days after the FINAL APPROVAL ORDER becomes a final unappealable order, the CLAIMS ADMINISTRATOR shall mail

SETTLEMENT PAYMENTS, which will be fully funded by AUTO REFLECTIONS, INC. but paid on behalf of all DEFENDANTS, to members of the FINAL SETTLEMENT CLASSES, along with a copy of the FINAL APPROVAL ORDER.   The CLAIMS ADMINISTRATOR shall mail these funds to the address provided by the member of the FINAL SETTLEMENT CLASSES or PLAINTIFF on his or her CLAIM FORM or at an updated address provided by the member of the FINAL SETTLEMENT CLASSES (for the PLAINTIFFS and OPT-IN PLAINTIFFS, the SETTLEMENT PAYMENTS will be mailed to CLASS COUNSEL).

R.     The PARTIES agree that each SETTLEMENT PAYMENT to be issued to each member of the FINAL SETTLEMENT CLASSES shall be separated into two equal amounts:  fifty percent (50%) shall be allocated to the RELEASED CLAIMS for alleged wage-related damages, and fifty percent (50%) shall be allocated to the RELEASED CLAIMS for liquidated damages related to the same claims. Each SETTLEMENT PAYMENT shall be subject to all required employee-paid payroll taxes and deductions (*e.g.*, federal income taxes, state income taxes, employee's share of FICA taxes, and other state-specific statutory deductions) and other authorized or required deductions (*e.g.*, garnishments, tax liens, child support).  The portion allocated to liquidated damages shall be characterized as non-wage income to the recipient.  The CLAIMS ADMINISTRATOR will report the wage portion to each member of the FINAL SETTLEMENT CLASSES on an IRS Form W-2, and the non-wage portion (including the member's pro rata share of the of the amount approved by the COURT for payment of CLASS COUNSEL'S FEES, COSTS AND EXPENSES) on one or more IRS 1099 Misc forms.

S.     The CLAIMS ADMINISTRATOR shall be responsible for issuing the settlement checks, less required withholdings and deductions, to each members of the FINAL SETTLEMENT CLASSES and mailing the settlement checks, IRS Form W-2s and IRS 1099 Misc forms to each member of the FINAL SETTLEMENT CLASSES and CLASS COUNSEL.

T.     Each member of the FINAL SETTLEMENT CLASSES will have one hundred and eighty (180) calendar days from the date on which the SETTLEMENT PAYMENTS are mailed to negotiate his or her settlement check(s).     If any settlement check is not negotiated in that period of time, that settlement check will be voided, and a stop-payment will be placed on the settlement check.  Any individual SETTLEMENT PAYMENTS or portions thereof which remain unclaimed for any reason more than one hundred and eighty (180) calendar days following the mailing of the SETTLEMENT PAYMENT shall be deemed unclaimed.  In such event, those members of the FINAL SETTLEMENT CLASSES will be deemed to have irrevocably waived any right in or claim to a SETTLEMENT PAYMENT, but the SETTLEMENT AGREEMENT and release of claims contained therein nevertheless will be binding upon them.  Unless otherwise required by the relevant state escheatment laws, one hundred percent (100%) of such net unclaimed funds shall be remain the property of AUTO REFLECTIONS, INC.  Neither DEFENDANTS, counsel for DEFENDANTS, CLASS COUNSEL, the PLAINTIFFS, nor the CLAIMS ADMINISTRATOR shall have any liability for lost or stolen settlement checks, for forged signatures on settlement checks, or for unauthorized negotiation of settlement checks.  Without limiting the foregoing, in the event an AUTHORIZED

CLAIMANT notifies the CLAIMS ADMINISTRATOR that he or she believes that a settlement check has been lost or stolen, the CLAIMS ADMINISTRATOR shall immediately place a stop-payment on such check.  If the settlement check in question has not been negotiated prior to the stop-payment order and one hundred and eighty (180) calendar days has not passed since the mailing of the settlement check, the CLAIMS ADMINISTRATOR will issue a replacement check, from which the fees associated with the stop-payment order will first be deducted.

U.    Neither issuance of a SETTLEMENT PAYMENT to a member of the FINAL SETTLEMENT CLASSES or negotiation of a SETTLEMENT PAYMENT by a member of the FINAL SETTLEMENT CLASSES shall impact any entitlement to or receipt of any benefits under any policy, practice, or welfare or benefit plan of the RELEASED PARTIES, except for compensation paid in connection with this SETTLEMENT AGREEMENT.  The RELEASED PARTIES shall not recompute or recalculate any employee benefits or incentives for members of the FINAL SETTLEMENT CLASSES based upon issuance or negotiation of SETTLEMENT PAYMENTS.

**VI.    CLASS COUNSEL'S FEES, COSTS, AND EXPENSES**

A.    CLASS COUNSEL may make an application to the COURT for an award of attorneys' fees, expenses or costs (not including SETTLEMENT EXPENSES) in an amount not to exceed 21.1% of the MAXIMUM GROSS SETTLEMENT AMOUNT, or $40,000.00. Such application shall be filed in connection with FINAL APPROVAL of the SETTLEMENT AGREEMENT.  DEFENDANTS agree that they will not oppose CLASS COUNSEL'S application as set forth above.

B.      If the COURT rules that any amount requested by CLASS COUNSEL for attorneys' fees, expenses or costs is excessive and reduces the same, only the reduced amount will be deemed to be CLASS COUNSEL'S FEES, COSTS AND EXPENSES for purposes of this SETTLEMENT AGREEMENT.   Any reduction by the Court in CLASS COUNSEL'S FEES, COSTS AND EXPENSES will be allocated to the MAXIMUM GROSS SETTLEMENT AMOUNT.

C.      This SETTLEMENT AGREEMENT is not conditioned on the COURT'S approval of CLASS COUNSEL'S application for fees, costs and expenses.

D.      Payment of such CLASS COUNSEL'S FEES, COSTS AND EXPENSES to CLASS COUNSEL as set forth in this SETTLEMENT AGREEMENT shall constitute full satisfaction of any and all obligations by RELEASED PERSONS to pay any person, attorney, or law firm (including but not limited to CLASS COUNSEL) for attorneys' fees, expenses, or costs (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants) incurred on behalf of all members of the SETTLEMENT CLASSES regarding the RELEASED CLAIMS and shall relieve the RELEASED PERSONS of any other claims or liability to any person for any attorneys' fees, expenses, and costs (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants) to which any person may claim to be entitled on behalf of any members of the SETTLEMENT CLASSES for the LITIGATIONS. Upon payment of CLASS COUNSEL'S FEES, COSTS AND EXPENSES hereunder, CLASS COUNSEL and members of the SETTLEMENT CLASSES shall release RELEASED PERSONS from any and all claims for attorneys' fees, expenses, and costs

(including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants) relating to the RELEASED CLAIMS. CLASS COUNSEL further represents and certifies that he is not aware of any liens for attorneys' fees, expenses, or costs existing, filed, or asserted with respect to any of the claims asserted in the LITIGATIONS.

E.     CLASS COUNSEL shall be paid CLASS COUNSEL'S FEES, COSTS AND EXPENSES approved by the COURT by the CLAIMS ADMINISTRATOR, and such amounts will be fully funded by AUTO REFLECTIONS, INC.. Prior to any payment of the amount designated as CLASS COUNSEL'S FEES, COSTS AND EXPENSES, CLASS COUNSEL shall provide the CLAIMS ADMINISTRATOR with all information necessary to effectuate such payments (*e.g.*, executed IRS Form W-9). The CLAIMS ADMINISTRATOR will issue an IRS Form 1099 Misc for the award of CLASS COUNSEL'S FEES, COSTS AND EXPENSES.

F.     Within twenty (20) business days after the FINAL APPROVAL ORDER becomes a final unappealable order, the CLAIMS ADMINISTRATOR shall pay CLASS COUNSEL'S FEES, COSTS AND EXPENSES approved by the COURT, if the conditions above have been satisfied.

G.     The CLAIMS ADMINISTRATOR will report as income on an IRS Form 1099 Misc each member of the FINAL SETTLEMENT CLASSES's pro rata share of the amount approved by the COURT for payment of CLASS COUNSEL'S FEES, COSTS AND EXPENSES.

## VII.    INCENTIVE PAYMENTS

A.    CLASS COUNSEL may also make an application to the COURT for one-time INCENTIVE PAYMENT awards to the PLAINTIFFS and ORIGINAL OPT-IN PLAINTIFFS in recognition of the work and services that said individuals contributed to the LITIGATIONS including, but not limited to, investigative work, meetings with CLASS COUNSEL, assumption of risks, serving as the class representatives, and participation in mediation and related activities (including providing information integral to the negotiations at the mediation).  The INCENTIVE PAYMENT(S) shall not exceed twenty-five percent (25%) of the MAXIMUM GROSS SETTLEMENT AMOUNT minus CLASS COUNSEL'S FEES, COSTS, AND EXPENSES, or $37,500.00, less applicable taxes and deductions, to be distributed among the PLAINTIFFS and ORIGINAL OPT-IN PLAINTIFFS in a reasonable proportion to be proposed by CLASS COUNSEL.

B.    The CLAIMS ADMINISTRATOR shall mail a check in the amount of the INCENTIVE PAYMENT(S), which will be fully funded by AUTO REFLECTIONS, INC., within twenty (20) business days after the FINAL APPROVAL ORDER becomes a final unappealable order for each of the PLAINTIFFS and ORIGINAL OPT-IN PLAINTIFFS who are members of the FINAL SETTLEMENT CLASSES.

C.    INCENTIVE PAYMENTS shall be treated as non-wage income, and the CLAIMS ADMINISTRATOR shall issue a Form 1099 to INCENTIVE PAYMENT recipients reflecting the value of the payments.

D.    INCENTIVE PAYMENTS shall be paid out of the GROSS MAXIMUM SETTLEMENT AMOUNT.

## VIII.   RELEASE OF CLAIMS; WAIVER; ASSIGNMENT OF RIGHTS

A. Release by PLAINTIFFS, OPT-IN PLAINTIFFS and RELEASING PERSONS. Effective as of the FINAL EFFECTIVE DATE, PLAINTIFFS and all RELEASING PERSONS hereby forever and completely settle, compromise, release, and discharge the RELEASED PARTIES from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any RELEASING PERSON has or might have, known or unknown, asserted or unasserted, even if presently unknown and/or unasserted, that occurred at any time up to and including the date on which the COURT enters its FINAL APPROVAL ORDER.   This RELEASE includes without limitation:

1.   any and all claims asserted in the LITIGATIONS that persons in the FLSA SETTLEMENT CLASS or STATE LAW SETTLEMENT CLASS were not properly compensated during their employment with AUTO REFLECTIONS, INC.;

2.   any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, retaliation for complaining about allegedly improper compensation, or any other wage-related or recordkeeping-related claims, damages or relief of any kind including, but not limited to those under the FLSA;

3.   any and all claims under the wage and hour laws or regulations of the State of Georgia and the State of Ohio including, but not limited to, Section 9-3 of the

36

Georgia Code; Sections 2305 and 4111 of the Ohio Code; Article II of the Ohio Constitution; and any and all state common law wage claims, including, but not limited to claims of unjust enrichment, quantum meruit, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for any type of penalties or damages available under the wage and hour laws of the state of Georgia and/or Ohio, or any state common law wage claims, including but not limited to claims for attorneys' fees, costs and expenses, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

4. any and all claims under the wage and hour laws or regulations of any state(s) in which the RELEASING PERSON resided and were employed during their employment with AUTO REFLECTIONS, INC. including, but not limited to any and all state common law wage claims, including, but not limited to claims of unjust enrichment, quantum meruit, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for any type of penalties or damages available under the wage and hour laws of the applicable state, or any state common law wage claims, including but not limited to claims for attorneys' fees, costs, and expenses liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

5. any and all wage-and-hour-related and wage-related claims under state or federal law for breach of express contract or labor agreement (including, but not limited to, claims for unpaid wages, minimum wage overtime, and/or missed or interrupted meal breaks), implied contract, money had and received in assumpsit, quantum meruit/unjust

enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records;

6.   any and all claims for benefits or other amounts under any compensation or benefit plan, program, arrangement, or agreement based on any alleged failure to pay wages, including but not limited to minimum wages or overtime wages;

7.   any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including retaliation for complaining about allegedly improper compensation, under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations; and

8.   any and all claims for attorneys' fees, costs and expenses.

B.   Non-Disparagement by PLAINTIFFS and OPT-IN PLAINTIFFS, and Agreement as to MANHEIM REMARKETING, INC.:  Effective as of the FINAL EFFECTIVE DATE, PLAINTIFFS and OPT-IN PLAINTIFFS agree to not disparage DEFENDANTS or any of the RELEASED PARTIES, and PLAINTIFFS and OPT-IN PLAINTIFFS acknowledge and agree that MANHEIM REMARKETING, INC. is not a joint employer of PLAINTIFFS and/or the OPT-IN PLAINTIFFS.

C.   Covenant Not to Sue:  The PLAINTIFFS and RELEASING PERSONS further covenant and agree that, since they are settling disputed claims, they will not accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on any RELEASED CLAIMS which may arise out of, or in connection with any other individual, union representative, class or any administrative or arbitral remedies pursued by any individual, class/collective, union or federal, state or local governmental agency against

the RELEASED PARTIES.   PLAINTIFFS and RELEASING PERSONS further acknowledge that they are enjoined from pursuing any RELEASED CLAIMS they have, had, might have or might have had against the RELEASED PARTIES based on any act or omission up to the date the COURT enters its FINAL APPROVAL ORDER.

D.   Those individuals who have previously released their FLSA and/or state law claims pertaining to their employment with AUTO REFLECTIONS, INC. are not eligible to be members of the SETTLEMENT CLASSES and are not eligible to participate in the SETTLEMENT.

E.   No Assignment:   PLAINTIFFS' Counsel and the PLAINTIFFS, for themselves and on behalf of the members of the SETTLEMENT CLASSES and the OPT-IN PLAINTIFFS, represent and warrant that nothing which would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the LITIGATIONS, or any related action.   Upon the EFFECTIVE DATE of this SETTLEMENT AGREEMENT, members of the FINAL SETTLEMENT CLASSES shall be deemed to have given this warranty.

F.   All members of the FINAL SETTLEMENT CLASSES will be bound by the terms and conditions of this SETTLEMENT AGREEMENT, FINAL APPROVAL ORDER, the FINAL JUDGMENT, and the releases set forth herein.

## IX.   MEDIA AND CONFIDENTIALITY OBLIGATIONS

A.   Except to refer to documents filed with the COURT, the PLAINTIFFS, OPT-IN PLAINTIFFS, CLASS COUNSEL, DEFENDANTS, and DEFENDANTS' counsels shall

not: (1) issue a press release or otherwise communicate to the media about the LITIGATIONS or any of the terms of the SETTLEMENT AGREEMENT; or (2) advertise or make any public statements regarding the LITIGATIONS or any of the terms of the SETTLEMENT AGREEMENT through written, recorded or electronic communications, messages, or postings (including social media and the internet). Notwithstanding the foregoing, DEFENDANTS and DEFENDANTS' counsels shall not be precluded from making any necessary, appropriated, or required disclosures to government regulators, audits, and/or agencies.

B.     To the extent that CLASS COUNSEL is contacted by the media about the SETTLEMENT AGREEMENT before the BAR DATE, he shall only be permitted to respond to such inquiries by stating that he has "no comment." None of the PLAINTIFFS, OPT-IN PLAINTIFFS, or CLASS COUNSEL may disclose the existence of, or any of the specific terms of, the SETTLEMENT AGREEMENT or any other document discussing the terms of settlement before the BAR DATE, except that CLASS COUNSEL may disclose the terms of the SETTLEMENT AGREEMENT to the extent necessary to respond to inquiries from members of any of the SETTLEMENT CLASSES regarding the proposed settlement. In addition, CLASS COUNSEL shall neither identify any DEFENDANT by name nor identify any DEFENDANT in such a way that a member of the public could readily identify any DEFENDANT as a party to the SETTLEMENT before the BAR DATE.

C.     CLASS COUNSEL may, in court applications seeking approval of a settlement or to serve as class counsel, identify to a Court: (1) that he was approved as CLASS COUNSEL in the LITIGATIONS; (2) the amount of the MAXIMUM GROSS

SETTLEMENT AMOUNT; (3) the amount of approved INCENTIVE PAYMENTS to the PLAINTIFFS and OPT-IN PLAINTIFFS; and (4) the percentage of the MAXIMUM GROSS SETTLEMENT AMOUNT approved by the COURT for CLASS COUNSEL'S ATTORNEYS' FEES, COSTS AND EXPENSES.

D.      A "breach" of the Media and Confidentiality Obligations is any disclosure by the PLAINTIFFS, OPT-IN PLAINTIFFS, and/or CLASS COUNSEL of the terms or conditions of the SETTLEMENT AGREEMENT beyond those permitted by Section IX.  In the event of any such breach or threatened breach, DEFENDANTS shall, in addition to any other remedies available to them, be entitled to seek a temporary restraining order and/or preliminary and/or permanent injunction, or other equivalent relief, restraining any actual or threatened breach.

## X.     BINDING EFFECT; EXCLUSION, OPT-OUT AND OBJECTION RIGHTS

A.      <u>Rights of members of STATE LAW SETTLEMENT CLASS</u>:  Any member of the STATE LAW SETTLEMENT CLASS may elect to OPT-OUT and be excluded from that class at any time during the OPT-OUT PERIOD.  To be an OPT-OUT, any such election must be made in writing; must contain the name, address, telephone number, and Social Security number of the individual requesting exclusion; must be signed by the individual who is electing to OPT-OUT; and must be filed with the CLAIMS ADMINISTRATOR so that it is received by the CLAIMS ADMINISTRATOR on or before the BAR DATE.  Any member of the STATE LAW SETTLEMENT CLASS who is an OPT-OUT: (i) shall not have any rights under this SETTLEMENT AGREEMENT; (ii) shall not be entitled to receive a SETTLEMENT PAYMENT; (iii) shall not have a right to object to the SETTLEMENT

AGREEMENT; and (iv) shall not be bound by this SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, or the FINAL JUDGMENT, unless they timely file a CLAIM FORM.

B.     <u>Binding Effect on Members of FINAL SETTLEMENT CLASSES</u>:   All members of the FINAL SETTLEMENT CLASSES will be bound by the terms and conditions of this SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, the FINAL JUDGMENT, and the releases set forth herein; and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement.

C.     <u>Right to Object</u>:   Any member of the STATE LAW SETTLEMENT CLASS may object to this SETTLEMENT AGREEMENT, however any such objections must be received by the CLAIMS ADMINISTRATOR on or before the BAR DATE in order to be timely.   Such objection shall include the name and address of the OBJECTOR, a detailed statement of the basis for each objection asserted, the grounds on which the OBJECTOR desires to appear and be heard (if any), and, if the OBJECTOR is represented by counsel, the name and address of counsel.   No member of the STATE LAW SETTLEMENT CLASS may be heard at the FINAL APPROVAL HEARING who has not complied with this requirement, and any member of the STATE LAW SETTLEMENT CLASS who fails to comply with this requirement will be deemed to have waived any right to object and any objection to the SETTLEMENT AGREEMENT.

**XI.     CLAIMS ADMINISTRATION**

A.     The SETTLEMENT EXPENSES are not to be paid from the MAXIMUM GROSS SETTLEMENT AMOUNT.

B.     The CLAIMS ADMINISTRATOR will perform all of the administrative duties assigned herein, including: (1) calculating the REVISED GROSS SETTLEMENT AMOUNT;   (2) calculating   the   estimated,   potential,   and   actual   individualized SETTLEMENT PAYMENTS for each member of the SETTLEMENT CLASSES and FINAL   SETTLEMENT   CLASSES;   (3) formatting   and   printing   the   SETTLEMENT NOTICE and CLAIM FORM, and mailing the SETTLEMENT NOTICE and CLAIM FORM to   members   of   the   SETTLEMENT   CLASSES   as   required   in   the   SETTLEMENT AGREEMENT;   (4) notifying   the   counsel   for   all   PARTIES   of   timely   and   untimely submissions   of   CLAIM   FORMS   by   members   of   the   SETTLEMENT   CLASSES; (5) notifying counsel for all PARTIES of, and resolving any disputes regarding, claims by any member of the SETTLEMENT CLASSES; (6) copying counsel for all PARTIES on material correspondence and promptly notifying all counsel for the PARTIES of any material requests or communications made by any PARTY; (7) receiving and reviewing the CLAIM FORMS,   including   CLAIM   FORMS   submitted   by   members   of   the   SETTLEMENT CLASSES to determine eligibility to receive a SETTLEMENT PAYMENT, and requesting additional information from members of the SETTLEMENT CLASSES in accordance with the terms of Sections V above; (8) maintaining the original mailing envelope in which CLAIM FORMS and other correspondence are received; (9) promptly furnishing to CLASS COUNSEL   and   DEFENDANTS'   counsels   copies   of   any   requests   to   OPT-OUT   and/or objections which the CLAIMS ADMINISTRATOR receives; (10) mailing a SETTLEMENT PAYMENT and INCENTIVE PAYMENT (if applicable) in accordance with the terms of Section V above, as well as a copy of the FINAL APPROVAL ORDER, to AUTHORIZED

CLAIMANTS; (11) paying CLASS COUNSEL'S FEES COSTS, AND EXPENSES in accordance with the SETTLEMENT AGREEMENT; (12) attempting to confirm the accuracy and, if necessary, updating the addresses of the members of the SETTLEMENT CLASSES through the United States Post Office's NCOA and ascertaining current address and addressee information for each SETTLEMENT NOTICE and CLAIM FORM returned as undeliverable and conducting a second mailing to the current address, if ascertained; (13) responding to inquiries of members of the SETTLEMENT CLASSES regarding the terms of settlement and procedures for submitting CLAIM FORMS, objections, and requests to OPT-OUT; (14) referring to counsel for the PARTIES all inquiries by members of the SETTLEMENT CLASSES regarding matters not within the CLAIMS ADMINISTRATOR'S duties specified herein; (15) promptly apprising counsel for the PARTIES of the activities of the CLAIMS ADMINISTRATOR that are significant to the settlement process; (16) maintaining adequate records of its activities, including the dates of the mailing of SETTLEMENT NOTICE(s) and CLAIM FORMS, the receipt of CLAIMS FORMS, the mailing of SETTLEMENT PAYMENTS, returned mail and other communications and attempted written or electronic communications with members of the SETTLEMENT CLASSES; (17) confirming in a declaration its completion of the administration of the SETTLEMENT AGREEMENT; (18) timely responding to communications from the PARTIES or their counsel; (19) escheating non-negotiated checks to the appropriate state agency, to the extent required by applicable law; (20) calculating and paying from the MAXIMUM GROSS SETTLEMENT AMOUNT the DEFENDANTS' portion of taxes on SETTLEMENT PAYMENTS, including but not limited to all FICA and FUTA taxes on

SETTLEMENT PAYMENTS; (21) performing all tax reporting duties required by federal, state, or local law or this SETTLEMENT AGREEMENT; (22) ensuring that AUTHORIZED CLAIMANTS and CLASS COUNSEL are provided with IRS FORM W-2s and IRS 1099 Misc forms as appropriate; (23) maintaining all records, electronic or otherwise, relating to the administration of this SETTLEMENT AGREEMENT, for a period of two (2) years after the date of FINAL JUDGMENT; (24) such other tasks contained in the SETTLEMENT AGREEMENT; and (25) such other tasks as the PARTIES mutually agree.

C.     CLASS COUNSEL and DEFENDANTS' counsels have the right to review and approve any documents to be mailed by the CLAIMS ADMINISTRATOR prior to their mailing, and the CLAIMS ADMINISTRATOR may not mail any documents without first receiving written approval to send the documents from CLASS COUNSEL and DEFENDANTS' counsels.

## XII.    TERMINATION OF THE SETTLEMENT AGREEMENT

A.     <u>Grounds for Settlement Termination</u>:  This SETTLEMENT AGREEMENT may be terminated on the following grounds:

1.     CLASS COUNSEL or DEFENDANTS' counsels may terminate the SETTLEMENT AGREEMENT if the COURT declines to enter an APPROVAL ORDER, or judgment in the form submitted by the PARTIES, or the SETTLEMENT AGREEMENT does not become final for any other reason, or a Court of Appeals reverses the entry of an APPROVAL ORDER or judgment.

B.     <u>Procedures for Termination</u>:     To terminate this SETTLEMENT AGREEMENT on one of the grounds specified above, the terminating Counsel (*i.e.*, CLASS

COUNSEL or counsels for DEFENDANTS) shall give written notice to the opposing Counsel no later than:

      1.     Fifteen (15) business days after the COURT acts; or

      2.     Fifteen (15) business days after the reversal by a Court of Appeals of the FINAL APPROVAL ORDER; or

      3.     Fifteen (15) business days after DEFENDANTS receive notice from the CLAIMS ADMINISTRATOR that six percent (6%) or more of the members of the STATE LAW SETTLEMENT CLASS, collectively, exercised their rights to OPT-OUT and be excluded from those classes and this SETTLEMENT AGREEMENT.

      C.     <u>Effect of Termination</u>:  In the event that this SETTLEMENT AGREEMENT is canceled, rescinded, terminated, voided, or nullified, however that may occur, or the settlement of the LITIGATIONS is barred by operation of the law, is invalidated, is not approved or otherwise is ordered not to be carried out by any COURT:

      1.     The SETTLEMENT AGREEMENT shall be terminated and shall have no force or effect, and no PARTY shall be bound by any of its terms;

      2.     In the event the SETTLEMENT AGREEMENT is terminated, DEFENDANTS shall have no obligation to make any payments to any PARTY, PLAINTIFF, OPT-IN PLAINTIFF, member of the SETTLEMENT CLASSES, or CLASS COUNSEL.

      2.     The PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER, and/or judgment, including any order of class or collective certification, shall be vacated;

3.      The FOURTH AMENDED COMPLAINT, if filed, will be deemed null and void, the Third Amended Complaint currently on file in the LITTLETON LITIGATION will once again become the operative complaint for that case, and any newly re-asserted claims in such FOURTH AMENDED COMPLAINT against AUTO REFLECTIONS, INC. and CHRISTOPHER BOURQUE will be pursued in accordance with the provisions of their arbitration agreements pursuant to which the FEARS LITIGATION was previously dismissed;

4.      The SETTLEMENT AGREEMENT and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the PARTIES, all of whom shall be restored to their respective positions in the LITIGATIONS prior to the settlement; and

5.      Neither this SETTLEMENT AGREEMENT, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the LITIGATIONS or any other action or proceeding for any purpose whatsoever.

6.      DEFENDANTS reserve the right to oppose class and/or collective action certification, and move to decertify any FLSA collective action, should the SETTLEMENT AGREEMENT not become final.

## XIII.   LIMITATION ON PARTIES' USE OF THE SETTLEMENT TO SUPPORT CLASS OR CONDITIONAL CERTIFICATION FOR RELATED CLAIMS

None of the PLAINTIFFS, the OPT-IN PLAINTIFFS, CLASS COUNSEL, DEFENDANTS or DEFENDANTS' counsels shall use: (1) the fact of this settlement of the RELEASED CLAIMS; (2) the terms of this SETTLEMENT AGREEMENT, or (3) any

information, data or documents exchanged in connection with the LITIGATIONS, demands for arbitration, or this settlement of the RELEASED CLAIMS, to support or oppose any Section 216(b) motion for conditional certification under the FLSA or any Federal Rule of Civil Procedure 23 motion for class certification on claims asserted in the LITIGATIONS or in any other related motion.  Specifically, the PLAINTIFFS, the OPT-IN PLAINTIFFS, and CLASS COUNSEL agree that they will not argue, in seeking conditional certification of an FLSA collective or the Federal Rule of Civil Procedure 23 certification of a putative state law class on claims asserted in the LITIGATIONS or in any other such action or proceeding, that a putative collective is similarly situated or appropriate for class treatment because DEFENDANTS agreed to settle the RELEASED CLAIMS on a collective and/or class basis, nor shall DEFENDANTS argue, in opposing conditional certification of an FLSA collective or the Federal Rule of Civil Procedure 23 certification of a putative state law class on claims asserted in the LITIGATIONS or in any other such action or proceeding, that a putative collective is not similarly situated or appropriate for class treatment because DEFENDANTS agreed to settle the RELEASED CLAIMS on a collective and/or class basis.

## XIV.   PARTIES' AUTHORITY

A.     The signatories hereby represent that they are fully authorized to enter into this SETTLEMENT AGREEMENT and bind the PARTIES hereto to the terms and conditions hereof.

B.     The PLAINTIFFS acknowledge that they will, together with CLASS COUNSEL, seek COURT approval of this SETTLEMENT AGREEMENT such that it will bind themselves, OPT-IN PLAINTIFFS, and members of the FINAL SETTLEMENT

CLASSES to all terms set forth in this SETTLEMENT AGREEMENT, regardless of whether each member of the FINAL SETTLEMENT CLASSES timely submits a fully completed CLAIM FORM.

C.      It is agreed that, because the members of the SETTLEMENT CLASSES are so numerous, it is impossible or impractical to have each member of the SETTLEMENT CLASSES execute the SETTLEMENT AGREEMENT.  The SETTLEMENT NOTICE and FINAL APPROVAL ORDER will advise all members of the SETTLEMENT CLASSES of the binding nature of the release, and that the release will have the same force and effect upon members of the FINAL SETTLEMENT CLASSES as if the SETTLEMENT AGREEMENT were executed by each member of the FINAL SETTLEMENT CLASSES.

### XV.    MUTUAL FULL COOPERATION

The PARTIES agree to fully cooperate with each other to accomplish the terms of the SETTLEMENT AGREEMENT, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of the SETTLEMENT AGREEMENT.  The PARTIES to the SETTLEMENT AGREEMENT shall use reasonable efforts, including all efforts contemplated by the SETTLEMENT AGREEMENT and any other reasonable efforts that may become necessary by order of the COURT, or otherwise, to effectuate the SETTLEMENT AGREEMENT and the terms set forth herein.  The PLAINTIFFS and CLASS COUNSEL shall, with the assistance and cooperation of DEFENDANTS and DEFENDANTS' counsels, take reasonable steps to secure the COURT'S final approval of the SETTLEMENT AGREEMENT.

## XVI.   NOTICES

Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the PLAINTIFFS, OPT-IN PLAINTIFFS, and/or SETTLEMENT CLASSES:
Brandon A. Thomas, Esq.
The Law Offices of Brandon A. Thomas, P.C.
1 Glenlake Parkway, NE, Suite 650
Atlanta, GA 30328
brandon@brandonthomaslaw.com

To AUTO REFLECTIONS, INC. and/or CHRISTOPHER BOURQUE:
George M. Weaver
Hollberg & Weaver, LLP
2921 Piedmont Rd., Suite C
Atlanta, GA 30305
gweaver@hw-law.com

To MANHEIM REMARKETING, INC.:
Kathryn S. McConnell
Littler Mendelson, P.C.
3344 Peachtree Road, N.E., Suite 1500
Atlanta, GA  30326
kmcconnell@littler.com

## XVII.  CONSTRUCTION AND INTERPRETATION

A.    The PARTIES agree that the terms and conditions of the SETTLEMENT AGREEMENT are the result of lengthy, intensive, arms-length negotiations among the PARTIES, and the SETTLEMENT AGREEMENT shall not be construed in favor of or against any PARTY by reason of the extent to which any PARTY or the PARTY'S counsel participated in the drafting of the SETTLEMENT AGREEMENT.

B.     Paragraph titles are inserted as a matter of convenience for reference, and in no way define, limit, extend, or describe the scope of this SETTLEMENT AGREEMENT or any of its provisions.   Each term of this SETTLEMENT AGREEMENT is contractual and not merely a recital.

C.     This SETTLEMENT AGREEMENT shall be subject to, governed construed and enforced in accordance with the laws of the State of Georgia, except as required to be subject to, governed and construed and enforced in accordance with the laws of the State of Ohio based on the location of work performance, and subject to the continuing jurisdiction of the United States District Court for the Northern District of Georgia.   The PARTIES agree that the COURT shall retain jurisdiction to enforce the terms of this SETTLEMENT AGREEMENT unless specifically set forth otherwise herein.

## XVIII. FORM AND CONTENT RESOLUTION

A.     The PARTIES agree they must reach agreement on the form and content of the SETTLEMENT AGREEMENT and its exhibits, the PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER, and the Motion for Approval.

## XIX.   INTEGRATION CLAUSE

This SETTLEMENT AGREEMENT sets forth the entire agreement between the PARTIES hereto, excepting the PARTIES' confidential mediation settlement term sheet.

## XX.   BINDING ON ASSIGNS

This SETTLEMENT AGREEMENT shall be binding upon and inure to the benefit of the PARTIES and his, her, or its respective agents, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives,

exclusive bargaining agents, successors-in-interest, and assigns.

## XXI.   NO ADMISSION OF LIABILITY

The PARTIES expressly recognize and agree that entering into this SETTLEMENT AGREEMENT does not in any way constitute an admission of liability or any wrongdoing by DEFENDANTS regarding any claim or legal theory.

## XXII.   MODIFICATION

No rights hereunder may be waived or modified except in a writing signed by duly authorized representatives of the PARTIES.

## XXIII. ENFORCEMENT OF THE SETTLEMENT AGREEMENT

A.      In the event a PARTY seeks to enforce the terms of this SETTLEMENT AGREEMENT or to collect on any payments due under the terms of this SETTLEMENT AGREEMENT, notice must be mailed to opposing counsel as provided in Section XVI. After receipt of notice, the PARTIES shall meet and confer in a good faith attempt to resolve the matter for ten (10) calendar days.  In the event those efforts are unsuccessful and one or more of the PARTIES attempts to institute any legal action or other proceeding against any other PARTY or PARTIES to enforce the provisions of this SETTLEMENT AGREEMENT, or to declare rights and/or obligations under this SETTLEMENT AGREEMENT, or to collect on any payments due under the terms of this SETTLEMENT AGREEMENT, the prevailing party in such an enforcement action may be awarded by the Court reasonable attorneys' fees, expenses, and costs.

## XXV.  COUNTERPARTS

The SETTLEMENT AGREEMENT may be executed in counterparts and may be

executed electronically or by facsimile.  When each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one SETTLEMENT AGREEMENT, which shall be binding upon and effective as to all PARTIES.

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT AGREEMENT on _____, 2018:                                   .

**PLAINTIFFS**

Date: 12/18/18

By: _____

**PLAINTIFF ERSKINE LITTLETON**

Erskine Littleton

Date: 12/17/18

By: _____

**PLAINTIFF BRADY FEARS**

Brady Fears

Date: 12/18/18

By: _____

**PLAINTIFF CASSANDRA TYSON**

Cassandra Tyson

Date: 12/18/18

By: _____

**PLAINTIFF FERNANDUS GLASS**

Fernandus Glass

Date: 12/17/18

By: _____

**PLAINTIFF PASHA GLASS**

Pasha Glass

Date: 12/17/18

By: _____

**PLAINTIFF PATRICK HARVEY**

53

Patrick Harvey

**PLAINTIFF RONALD MAY**

Date: 12/20/8

By: _____

Ronald May

**PLAINTIFF WAYNE WALKER (a.k.a. Quartavious Dwayne Walker)**

Date: 12/17/18

By: _____

Wayne Walker

PLAINTIFF PRINCE MANUEL

Date: 12/18/18

By: _____  B.T.

**COUNSEL FOR PLAINTIFFS/CLASS COUNSEL** Prince Manuel

**THE LAW OFFICES OF BRANDON A. THOMAS, P.C.**

Date: 12/18/18

By: _____

Brandon A. Thomas

**DEFENDANT AUTO REFLECTIONS, INC.**

Date: 1-4-19

By: _____

Christopher Bourque
Owner
Auto Reflections, Inc.

**DEFENDANT AUTO REFLECTIONS, INC.'S COUNSEL**

**HOLLBERG & WEAVER, LLP**

Date: 01-07-2019

By: _____

George M. Weaver

**DEFENDANT CHRISTOPHER BOURQUE**

54

Date: _4-5_      By: _____

                        Christopher Bourque

**DEFENDANT CHRISTOPHER BOURQUE 'S COUNSEL**

                                **HOLLBERG & WEAVER, LLP**

Date: 01 - 07 - 2019      By: _____

                               George M. Weaver

**MANHEIM REMARKETING, INC.**

Date: 1-16-19      By: _____

                               Constance Walters
                               Assistant General Counsel, Employment
                               Manheim Remarketing, Inc.

**MANHEIM REMARKETING, INC.'S COUNSEL**

                                **LITTLER MENDELSON, P.C.**

Date: 1/23/19      By: _____

                               Wesley E. Stockard
                               Kathryn S. McConnell

# EXHIBIT A

*Littleton, et al. v. Manheim Remarketing, Inc., et al.*, United States District Court for the
Northern District of Georgia, Case No. 1:17-CV-03589-TCB

## CLAIM FORM

**To receive a full payment under the settlement, this two-page Claim Form and the
attached Substitute W-9 Form must be fully completed and mailed, emailed,
overnight delivered or faxed so that it is received by Simpluris, Inc. at the address
below on or before [90 days after initial notice]:**

[Name], Claims Administrator
**c/o Simpluris, Inc.**
3194-C Airport Loop Drive
Costa Mesa, CA 92626
[TELEPHONE]
[FAX]
[EMAIL]

[Pre-populated name and address]

If your name or address above is incorrect, please print or type the following information:

_____
Name (First, Middle, Last)

_____
Former Names (if any)

_____
Mailing Address

_____
City                          State                 Zip Code

## CONSENT TO JOIN

I hereby opt into this settlement pursuant to Section 216(b) of the Fair Labor
Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), authorize Class Counsel to represent
me in this Settlement, and I agree to release Auto Reflections, Inc., Maheim Remarking,
Inc., and Christopher Bourque and their affiliates, parent companies, subsidiaries,
shareholders, officers, directors, agents, insurers, reinsurers, attorneys and employees from
any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses,
damages, losses of any kind, and causes of action, whether at common law, pursuant to
statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal,

state, or other applicable law, which I have or might have, known or unknown, asserted or unasserted, even if presently unknown and/or unasserted, that occurred at any time up to and including  date the Court finally approves the settlement, including, but not limited to, claims for back pay, liquidated damages, penalties, interest, costs, and attorneys' fees (as detailed in Exhibit 1 "Release of Claims").

I understand that, if the settlement is approved by the Court, I will receive two checks totaling approximately $_____:

Back Pay: _____ (this amount will be subject to standard payroll tax withholdings and authorized deductions, and you will receive an IRS Form W-2 for this payment)

Liquidated Damages: _____ (this amount will not be subject to standard payroll tax witholdings and authorized deductions, but you may owe taxes on this amount and will receive an IRS 1099 Misc form for this payment).

_____
Personal Email Address

_____
Last 4 digits of Social Security Number (will be kept confidential)

_____(Home)_____(Cell)_____ (Work)
Telephone Numbers

**I declare under penalty of perjury under the laws of the United States that the foregoing information supplied by the undersigned is true and correct.**

_____
**Signature**

_____
**Printed Name**

**In order to receive a settlement payment, you must timely submit a fully completed Claim Form to Simpluris, Inc. so that it is received by [90 days after initial notice].**

## SUBSTITUTE W-9 FORM

**In order to receive a settlement payment, you must complete the below Substitute W-9 information and submit it to the Claims Administrator for receipt on or before [90 days after initial notice].**

---

**Substitute W-9
Taxpayer Identification Number Certification**

Enter your Social Security Number (taxpayer identification number): _____

Print name as shown on your income tax return:

_____
First Name                    Middle Initial        Last Name

_____
Address

_____
City                          State                 Zip Code

Under penalties of perjury, I certify that:

1.   The taxpayer identification number shown on this form is my correct taxpayer identification number, **and**

2.   I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3.   I am a U.S. citizen or other U.S. person (including a U.S. resident alien).

**Note:** If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

Signature of U.S. Person: _____ Date: _____

---

**RETURN YOUR SIGNED CLAIM FORM AND SUBSTITUTE W-9 FORM TO:**

[Name], Claims Administrator
**c/o Simpluris, Inc.**
3194-C Airport Loop Drive
Costa Mesa, CA 92626
[TELEPHONE]
[FAX]
[EMAIL]

EXHIBIT 1 – RELEASE OF CLAIMS

If you participate in the settlement as a part of either Settlement Class and are entitled to receive a settlement payment, you hereby forever and completely settle, compromise, release, and discharge Auto Reflections, Inc., Christopher Bourque and Manheim Remarketing, Inc. as well as to each of their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in interests and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by them, divisions, units, branches and any other persons or entities acting on their behalf, including any entity that was a customer of them for which you performed work or services during you employment with them, if any (collectively, the "Released Parties"), from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which you have or might have, known or unknown, asserted or unasserted, even if presently unknown and/or unasserted, that occurred at any time up to and including date the Court finally approves the settlement.  This release includes without limitation:

1. any and all claims asserted in the *Littleton, et al. v. Manheim Remarketing, Inc.* case pending in United States District Court for the Northern District of Georgia, Case No. 1:17-CV-03589-TCB, and in the *Fears, et al. v. Auto Reflections, Inc., et al.*, case previously filed in the United States District Court for the Northern District of Georgia, Case No. 1:17-cv-02632-TCB (collectively, the "Litigations"), that persons in the FLSA Settlement Class or State Law Settlement Class were not properly compensated during their employment with Auto Reflections, Inc.;

2. any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, retaliation for complaining about allegedly improper compensation, or any other wage-related or recordkeeping-related claims, damages or relief of any kind including, but not limited those under the FLSA*;*

3. any and all claims under the wage and hour laws and regulations of the State of Georgia and the State of Ohio including, but not limited to, Section 9-3 of the Georgia Code; Sections 2305 and 4111 of the Ohio Code; Article II of the Ohio Constitution; and any and all state common law wage claims, including, but not limited to claims of unjust enrichment, quantum meruit, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for any type of penalties or damages available under the wage and hour laws of the state of Georgia and/or Ohio, or any state common law wage claims, including but not limited to claims for attorneys' fees, costs and expenses, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

EXHIBIT 1 – RELEASE OF CLAIMS

4.  any and all claims under the wage and hour laws and regulations of any state(s) in which you resided and were employed during their employment with Auto Reflections, Inc., including, but not limited to any and all state common law wage claims, including, but not limited to claims of unjust enrichment, quantum meruit, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for any type of penalties or damages available under the wage and hour laws of the applicable state, or any state common law wage claims, including but not limited to claims for attorneys' fees, costs, and expenses liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

5.  any and all wage-and-hour-related and wage-related claims under state and federal law for breach of express contract or labor agreement (including, but not limited to, claims for unpaid wages, minimum wage overtime, and/or missed or interrupted meal breaks), implied contract, money had and received in assumpsit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records;

6.  any and all claims for benefits or other amounts under any compensation or benefit plan, program, arrangement, or agreement based on any alleged failure to pay wages, including but not limited to minimum wages or overtime wages;

7.  any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including retaliation for complaining about allegedly improper compensation, under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations; and

8.  any and all claims for attorneys' fees, costs and expenses.

Additionally, if you are named Plaintiff in the Litigations or an Opt-In Plaintiff who filed a notice that you were opting-in to the Litigations, you agree to not disparage Auto Reflections, Inc., Christopher Bourque and Manheim Remarketing, Inc. or any of the Released Parties, and you acknowledge and agree that Manheim Remarketing, Inc. is not your employer

You also covenant and agree that you will not accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on any of the claims you are releasing which may arise out of, or in connection with any other individual, union representative, class or any administrative or arbitral remedies pursued by any individual, class/collective, union or federal, state or local governmental agency against the Released Parties.  You further acknowledge that they are enjoined from pursuing any of the claims you are releasing that you have, had, might have or might have had against the Released Parties based on any act or omission up to the date the Court finally approves the settlement.

# EXHIBIT B

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS**
**PLEASE READ IT CAREFULLY.**

*Littleton, et al. v. Manheim Remarketing, Inc.*, United States District Court for the Northern District of Georgia, Case No. 1:17-CV-03589-TCB

## NOTICE OF PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT

To:    _____

Re:    Settlement of claims for alleged failure to pay minimum wage, alleged non-payment of wages, and alleged failure to pay overtime compensation to employees of Auto Reflections, Inc. who were paid on a piece-rate and/or hourly basis at locations in Ohio and/or Georgia.

**1.     Introduction**

The Court has preliminarily approved a proposed settlement in this case.

You have received this notice because the records of Auto Reflections, Inc. indicate that you worked for Auto Reflections, Inc. and were paid on a piece rate or an hourly basis at a location in the State of Georgia or Ohio sometime during the period of July 12, 2013 to [DATE OF PRELIMINARY APPROVAL]

If you submit the enclosed Claim Form so that it is fully completed and received by Simpluris, Inc., Claims Administrator,  by [90 days after initial notice], and the settlement is approved by the Court, you will be mailed a check totaling approximately $_____.

You can, if you wish, opt-out of the settlement, but, if you do so and you still wish to pursue claims against Defendants, you will have to commence a new action and represent yourself in that case or obtain new lawyers to represent you.  You can also object to the settlement (but if you object, you cannot opt-out).

More information about this case, the proposed settlement, and your rights are set forth below in this notice.

**2.     What is this case about?**

Plaintiffs assert in the *Littleton* case that Auto Reflections, Inc. employees paid on a piece-rate basis who worked in Georgia and/or Ohio are owed minimum wages, unpaid wages, and overtime compensation for working more than forty hours per week at Auto Reflections, Inc.  The *Littleton* case was originally filed against Auto Reflections, Inc., Christopher Bourque as owner of Auto Reflections, Inc., and Manheim Remarketing, Inc. as an alleged joint employer.  Auto Reflections, Inc. and Christopher Bourque were later dismissed from the *Littleton* case because the Court ruled that the plaintiffs had to pursue any alleged claims against Auto Reflections, Inc. and Christopher Bourque through

arbitration.

The *Littleton* case relates to another case, *Fears, et al. v. Auto Reflections, Inc., et al.*, filed in the United States District Court for the Northern District of Georgia, Case No. 1:17-cv-02632-TCB on July 12, 2017. The plaintiffs in the *Fears* case asserted that Auto Reflections employees paid on an hourly basis who worked in Georgia and/or Ohio are owed minimum wages, unpaid wages, overtime compensation for working more than forty hours per week at Auto Reflections, and damages for breach of contract and unjust enrichment. The *Fears* case was filed against Auto Reflections, Inc. and Christopher Bourque as owner of Auto Reflections, Inc. The *Fears* case was dismissed because the Court ruled that the plaintiffs had to pursue any alleged claims against Auto Reflections, Inc. and Christopher Bourque through arbitration. However, for settlement purposes, the complaint in the *Littleton* case has been amended to include the prior claims in the *Fears* case because all claims asserted in both cases are being settled.

The Defendants in both cases, Auto Reflections, Inc., Christopher Bourque, and Manehim Remarketing, Inc. ("Defendants"), deny the allegations made in both cases, assert that Manheim Remarketing, Inc. was not a joint employer, and assert that Auto Reflections, Inc. employees paid on a piece-rate and/or hourly basis in Ohio and/or Georgia received appropriate wages and overtime in compliance with federal and state law. Without admitting any liability, the Defendants agreed to settle the claims of both the *Littleton* and the *Fears* cases to avoid further litigation and the costs associated with such litigation.

**3.     What settlement payment will I receive if I send in a Claim Form and do not opt-out?**

If you email, mail, or fax the enclosed Claim Form so that it is received by Simpluris, Inc. by _____ [90 days after initial notice], and the settlement is approved by the Court, you will receive a check totaling approximately $_____ comprised of the following approximate amounts:

> Back Pay: _____ (this amount will be subject to standard tax withholdings and authorized payroll deductions and you will receive an IRS Form W-2 for this payment); and

> Liquidated Damages: _____ (this amount will not be subject to standard tax withholdings and authorized payroll deductions, but you may owe taxes on this amount and will receive an IRS 1099 Misc form for this payment)

See Response to Question 10 for instructions for filing your Claim Form.

**4.     What settlement payment will I receive if I don't send in a Claim Form, but do not opt-out?**

If you do not timely return the enclosed Claim Form, but you do not opt-out, and the settlement is approved by the Court, you will receive a check totaling approximately $_____ comprised of the following approximate amounts:

Back Pay: _____ (this amount will be subject to standard tax withholdings and authorized payroll deductions and you will receive an IRS Form W-2 for this payment); and

Liquidated Damages: _____ (this amount will not be subject to standard tax withholdings and authorized payroll deductions, but you may owe taxes on this amount and will receive an IRS 1099 Misc form for this payment)

The amount is lower than if you returned a Claim Form because you will only be participating in the settlement as part of the State Law Settlement Class, and will be excluded from the FLSA Settlement Class.  More information about the two settlement classes is included in Response to Question 6 below.

**5.     What settlement payment will I receive if I don't send in a Claim Form, and I also opt-out?**

You will not receive any settlement payment.

6.     **Who is included in the proposed settlement?**

For settlement purposes, the Court certified the following Settlement Classes:

a.     FLSA Settlement Class: Any and all persons employed by Auto Reflections, Inc. who were paid on who were paid on an hourly basis at a location in the State of Georgia and/or the State of Ohio from July 12, 2014 through and including [DATE OF PRELIMINARY APPROVAL].

b.     State Law Settlement Class: Any and all persons employed by Auto Reflections, Inc. who worked were paid on a piece rate basis and/or an hourly basis at a location in the State of Georgia and/or State of Ohio during the period from July 12, 2013 through and including [DATE OF PRELIMINARY APPROVAL].

**7.     What are the Benefits and Terms of this Settlement?**

Pursuant to the Settlement, Auto Reflections, Inc. agreed to pay up to a total of $190,000 (the "Maximum Gross Settlement Amount") inclusive of all alleged unpaid wages, overtime compensation, liquidated damages, penalties, interest, attorneys' fees, costs and expenses, incentive payments to each of the named and original opt-in Plaintiffs who helped prosecute the case prior to the settlement, and all employer-payroll taxes, including FUTA and the employer's share of FICA and state unemployment, unemployment insurance and back-up withholding (if applicable).  Auto Reflections, Inc. will separately pay the costs associated with administering the settlement.

There will be a Final Settlement Approval Hearing.  If the Court approves the Settlement, and you timely email, mail, or fax the enclosed Claim Form so that it is fully completed and received by _____ [90 days after initial notice], you will be eligible to receive the approximate settlement payment listed in response to Question 3 above.  If the

Court approves the Settlement, and you do not timely return Claim Form, but you do not opt out, you will be eligible to receive the approximate settlement payment listed in response to Question 4 above.  If you receive a settlement payment, you will be responsible for bearing your own withholding taxes (*e.g.*, FICA, FUTA) on the back pay portion of your settlement payments, and will be responsible for remitting to State and/or Federal taxing authorities any applicable other taxes due.  You shall also agree to hold Defendants harmless and indemnify the Released Parties for any liabilities, costs and expenses, including attorneys' fees, assessed or caused by any taxing authority resulting from your failure to remit taxes due on payments made to you under the Settlement Agreement.

**8.    Who is Class Counsel?**

The Court appointed the following lawyer as Class Counsel to represent the Settlement Classes:

Brandon A. Thomas, Esq.
The Law Offices of Brandon A. Thomas, P.C.
1 Glenlake Parkway, NE, Suite 650
Atlanta, GA 30328
brandon@brandonthomaslaw.com

**9.    Are attorneys' fees, costs, expenses, and service payments being sought?**

Class Counsel has pursued the lawsuit on a contingent basis and has not received any payment of fees or any reimbursement of his out-of-pocket expenses related to the recovery on behalf of the Settlement Classes.  As part of the settlement, subject to Court approval, Class Counsel will apply for fees, costs and expenses in an amount of $40,000, which is 21.1 percent of the Maximum Gross Settlement Amount.  In addition, the Plaintiffs who were named in the *Littleton* and/or *Fears* cases or who opted into the *Littleton* and/or *Fears* cases prior to the Parties reaching a settlement expended significant time and effort in getting the claims settled will seek service payments in a reasonable proportion for their role in the cases. Attorneys' fees, costs, expenses, and service payments will not be deducted from your estimated settlement payments set out in response to Questions 3 and 4.

**10.   What are my options regarding the settlement?**

**A.    Timely Submit A Fully Completed Claim Form:** If you want to claim your full share of the settlement, you need to timely mail, email, or fax the enclosed Claim Form to Simpluris, Inc. at the following address so that it is fully completed and received on or before [90 days after initial notice]:

[Name], Claims Administrator
**c/o Simpluris, Inc.**
3194-C Airport Loop Drive
Costa Mesa, CA 92626

[TELEPHONE]
[FAX]
[EMAIL]

**If you choose to fully participate, you should keep Simpluris, Inc. informed of any changes in your address until you have received your settlement check and tax reporting forms.**

  **B.**  **Request to be Excluded / Opt-Out from the State Law Settlement Class:** You may request to be excluded or opt-out from the settlement.  If you wish to be excluded from the settlement, you must submit a request for exclusion that states the following:  "I WISH TO BE EXCLUDED FROM THE STATE LAW SETTLEMENT CLASS IN *LITTLETON, ET AL. V. MANHEIM REMARKETING, INC.* PENDING BEFORE THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, CASE NO. 1:17-CV-03589-TCB. I UNDERSTAND THAT IF I ASK TO BE EXCLUDED FROM THE SETTLEMENT CLASS, I WILL NOT RECEIVE THE SETTLEMENT PAYMENT FOR THE STATE LAW SETTLEMENT CLASS FROM THE SETTLEMENT."

  To be effective, the request for exclusion must: include your full name, address, telephone number, and last four digits of your social security number.  Your request must be received by Simpluris, Inc. by: [90 days from initial notice] **If you exclude yourself, you will <u>not</u> receive the settlement payment for the State Law Settlement Class from the Settlement.**

  Failure to include the required information or to timely submit your request to be excluded will result in your remaining a member of the State Law Settlement Class and being bound by any final judgment.  If you validly and timely request exclusion from the State Law Settlement Class, and you also do not timely submit a Claim Form, you will not be bound by any final judgment, and you will not be precluded from instituting or prosecuting any individual claim you may otherwise have against the Defendants, including claims regarding the alleged failure to pay minimum wage, all wages, and overtime compensation while an employee of Auto Reflections.

  **C.**  **Object:** If you are a member of the State Law Settlement Class and you do not request to be excluded, you may object to the terms of the Settlement and/or to the Class Counsel's requests for attorneys' fees and expenses or to the named and opt-in Plaintiffs' receipt of service payments.  If you object and the Settlement is approved, and you fail to submit a timely valid request to be excluded, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this settlement, and you will be bound by the final judgment and release and all orders entered by the Court.  You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees, costs and expenses.

  If you object to the Settlement and/or to the requested attorneys' fees, costs, expenses,

or service payments to the Plaintiffs, you must, on or before [90 days from initial notice]: (1) file with the Clerk of the United States District Court for the Northern District of Georgia, and (2) serve upon Class Counsel, Counsel for Auto Reflections, Inc. and Christopher Bourque (George M. Weaver, Hollberg & Weaver, LLP, 2921 Piedmont Rd., Suite C, Atlanta, GA 30305, gweaver@hw-law.com), and Counsel for Manheim Remarketing, Inc. (Kathryn S. McConnell, Littler Mendelson, P.C., 3344 Peachtree Road, N.E., Suite 1500, Atlanta, GA 30326, kmcconnell@littler.com) a written objection including: (i) your full name, address, and telephone number; (ii) your dates of employment, job title(s), and location(s) of work while employed with Auto Reflections, Inc.; (iii) a written statement of all grounds for the objection accompanied by any legal support for such objections; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; (vi) a statement of whether you intend to appear at the Final Approval Hearing; and (vii) your signature, even if you are represented by counsel. If you intend to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Final Approval Hearing. Members of the State Law Settlement Class who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

### D.  Do Nothing.

If you do nothing, and fail to timely send in a fully completed Claim Form, and you do not request to be excluded from the State Law Settlement Class, you will not participate in the settlement as part of the FLSA Settlement Class, but you will participate in the settlement as part of the State Law Settlement Class. In this situation, you would receive a reduced settlement payment only from that portion of the settlement for the State Law Settlement Class. And, you will be deemed to have released and waived the claims described in Release of Claims attached as Exhibit 1 to this Notice.

### 11.    What happens if the Court approves the Settlement?

If the Court approves the proposed Settlement, settlement checks will be issued to Settlement Class Members who have timely submitted a fully completed Claim Form and have not excluded themselves from the Settlement.

The Settlement will be binding on any individual who participates in the settlement as a part of either Settlement Class. This means that all members of the FLSA Settlement Class who submit a timely Claim Form cannot bring their own lawsuits against the Defendants for any claims based on facts that arose prior to the date the Court finally approves the settlement. Similarly, this means that all members of the State Law Settlement Class who do not exclude themselves cannot bring their own lawsuits against the Defendants for any claims based on facts that arose prior to the date the Court finally approves the settlement. This includes, but is not limited to, claims for back pay, liquidated damages, penalties, interest, and attorneys' fees, costs and expenses.

An individual who does not submit a timely Claim Form and also validly and timely request exclusion from the State Law Settlement Class will not release any claims.

**12.     What happens if the Court does not approve the Settlement?**

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement, or indeed, anything.

**13.     When is the Final Approval Hearing?**

A hearing will be held before the Honorable Judge Timothy C. Batten, Sr. of the United States District Court for the Northern District of Georgia on [HEARING DATE] at [TIME] at [ADDRESS].  The purpose of the hearing is for the Court to decide whether the proposed Settlement is fair, reasonable, and adequate and should be approved and, if so, to determine what amount of attorneys' fees, costs and expenses, or service payments to the Plaintiffs should be awarded.  The time and date of this hearing may be changed without further notice.

**14.     What Claims Are Being Released?**

The claims you are being asked to release are fully described in Exhibit 1 to this Notice.

**15.     Are there more details available?**

For additional information you may contact Simpluris, Inc., Claims Administrator:

[Name], Claims Administrator
**c/o Simpluris, Inc.**
3194-C Airport Loop Drive
Costa Mesa, CA 92626
[TELEPHONE]
[FAX]
[EMAIL]

**NO INQUIRES SHOULD BE DIRECTED TO THE COURT.**

Dated: _____                            BY ORDER OF THE COURT
                                                                       Clerk of the Court

EXHIBIT 1 – RELEASE OF CLAIMS

If you participate in the settlement as a part of either Settlement Class and are entitled to receive a settlement payment, you hereby forever and completely settle, compromise, release, and discharge Auto Reflections, Inc., Christopher Bourque and Manheim Remarketing, Inc. as well as to each of their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in interests and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by them, divisions, units, branches and any other persons or entities acting on their behalf, including any entity that was a customer of them for which you performed work or services during you employment with them, if any (collectively, the "Released Parties"), from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which you have or might have, known or unknown, asserted or unasserted, even if presently unknown and/or unasserted, that occurred at any time up to and including date the Court finally approves the settlement.  This release includes without limitation:

1. any and all claims asserted in the *Littleton, et al. v. Manheim Remarketing, Inc.* case pending in United States District Court for the Northern District of Georgia, Case No. 1:17-CV-03589-TCB, and in the *Fears, et al. v. Auto Reflections, Inc., et al.*, case previously filed in the United States District Court for the Northern District of Georgia, Case No. 1:17-cv-02632-TCB (collectively, the "Litigations"), that persons in the FLSA Settlement Class or State Law Settlement Class were not properly compensated during their employment with Auto Reflections, Inc.;

2. any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, retaliation for complaining about allegedly improper compensation, or any other wage-related or recordkeeping-related claims, damages or relief of any kind including, but not limited those under the FLSA*;*

3. any and all claims under the wage and hour laws and regulations of the State of Georgia and the State of Ohio including, but not limited to, Section 9-3 of the Georgia Code; Sections 2305 and 4111 of the Ohio Code; Article II of the Ohio Constitution; and any and all state common law wage claims, including, but not limited to claims of unjust enrichment, quantum meruit, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for any type of penalties or damages available under the wage and hour laws of the state of Georgia and/or Ohio, or any state common law wage claims, including but not limited to claims for attorneys' fees, costs and expenses, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

EXHIBIT 1 – RELEASE OF CLAIMS

4.  any and all claims under the wage and hour laws and regulations of any state(s) in which you resided and were employed during their employment with Auto Reflections, Inc., including, but not limited to any and all state common law wage claims, including, but not limited to claims of unjust enrichment, quantum meruit, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for any type of penalties or damages available under the wage and hour laws of the applicable state, or any state common law wage claims, including but not limited to claims for attorneys' fees, costs, and expenses liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

5.  any and all wage-and-hour-related and wage-related claims under state and federal law for breach of express contract or labor agreement (including, but not limited to, claims for unpaid wages, minimum wage overtime, and/or missed or interrupted meal breaks), implied contract, money had and received in assumpsit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records;

6.  any and all claims for benefits or other amounts under any compensation or benefit plan, program, arrangement, or agreement based on any alleged failure to pay wages, including but not limited to minimum wages or overtime wages;

7.  any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including retaliation for complaining about allegedly improper compensation, under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations; and

8.  any and all claims for attorneys' fees, costs and expenses.

Additionally, if you are named Plaintiff in the Litigations or an Opt-In Plaintiff who filed a notice that you were opting-in to the Litigations, you agree to not disparage Auto Reflections, Inc., Christopher Bourque and Manheim Remarketing, Inc. or any of the Released Parties, and you acknowledge and agree that Manheim Remarketing, Inc. is not your employer

You also covenant and agree that you will not accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on any of the claims you are releasing which may arise out of, or in connection with any other individual, union representative, class or any administrative or arbitral remedies pursued by any individual, class/collective, union or federal, state or local governmental agency against the Released Parties.  You further acknowledge that they are enjoined from pursuing any of the claims you are releasing that you have, had, might have or might have had against the Released Parties based on any act or omission up to the date the Court finally approves the settlement.