FILED IN OPEN COURT
U.S.D.C. - Atlanta

OCT 15 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERSKINE LITTLETON, PRINCE MANUEL, FERNANDUS GLASS, PASHA GLASS, CASSANDRA TYSON, RONALD MAY, and PATRICK HARVEY, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MANHEIM REMARKETING, INC.,<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 1:17-cv-03589-TCB |

## FINAL APPROVAL AND DISMISSAL ORDER

WHEREAS, Plaintiffs Erskine Littleton, Prince Manuel, Fernandus Glass, Pasha Glass, Cassandra Tyson, Ronald May, and Patrick Harvey ("Plaintiffs"), Defendant Manheim Remarketing, Inc. ("Defendant") and former co-Defendants Auto Reflections, Inc. and Christopher Bourque (collectively the "Defendants") have entered into a settlement agreement ("Settlement Agreement") intended to resolve Plaintiffs' claims that they are entitled to minimum wages, unpaid wages, and overtime compensation for work paid on a piece rate basis and/or on an hourly basis. The proposed settlement also resolves claims originally brought in the related action *Fears, et al. v. Auto Reflections, Inc., et al.*, filed in the United States

District Court for the Northern District of Georgia, Case No. 1:17-cv-02632-TCB, against former co-Defendants Auto Reflections, Inc. and Christopher Bourque, and in which the plaintiffs alleged entitlement to minimum wages, unpaid wages, overtime compensation, and damages for breach of contract and unjust enrichment for work paid on an hourly basis, which have now been made a part of this case as a result of the Amended Complaint filed in connection with the parties' Settlement Agreement.

WHEREAS, the Settlement Agreement, together with its Exhibits, set forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the Defendants;

WHEREAS, for purposes of settlement only, Plaintiffs seek the certification of the following opt-out settlement class pursuant to Fed. R. Civ. P. 23:

> Any and all persons employed by Auto Reflections, Inc. who worked and were paid on a piece rate basis and/or hourly basis at a location in the State of Georgia and/or the State of Ohio during the period from July 12, 2013 through and including the date of the preliminary approval order.

WHEREAS, for purposes of settlement only, the Plaintiffs also seek final certification of the following opt-in settlement class pursuant to Section 216(b) of the FLSA:

> Any and all persons employed by AUTO REFLECTIONS, INC. who were paid on a piece rate basis and/or were paid an hourly basis at a location in the State of Georgia and/or the State of Ohio during the period from July 12, 2014 through and including the date of the preliminary approval order.

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith arms' length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendants.

WHEREAS, the Court held a Final Approval Hearing on October 15, 2019; and

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, the Parties' Joint Motion for Approval of Class and Collective Settlement, and all documents filed in support thereof, and the Claims Administrator's Declaration, the Court makes the findings and grants the relief set forth below.

IT IS HEREBY ORDERED AS FOLLOWS:

*Jurisdiction, Certification of Settlement Classes for Settlement Purposes, and Adequacy of the Plaintiffs and Class Counsel*

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2.     The Court has jurisdiction over the subject matter of this action, which includes the claims previously asserted in the related *Fears* litigation, the Parties in this action, former co-Defendants Auto Reflections, Inc., and Christopher Bourque, and the implementation and administration of the proposed Settlement Agreement.

3.     The terms of the parties' Settlement Agreement are hereby approved as fair, reasonable and adequate, and in the best interests of the Plaintiffs, Opt-In Plaintiffs, and members of the Settlement Classes. The Court finds that the Settlement is sufficiently within the range of reasonableness and grants final approval of the Settlement memorialized in the Settlement Agreement.

4.     The Court finally certifies the following FLSA Settlement Class pursuant to Section 16(b) of the FLSA for settlement purposes only in accordance with the terms of the Settlement Agreement:

> Any and all persons employed by Auto Reflections, Inc. who were paid on a piece rate basis and/or were paid an hourly basis at a location in the State of Georgia and/or the State of Ohio on or after July 12, 2014 through and including the date of the preliminary approval order.

5.     The Court approves the FLSA settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes.

6. The Court finally certifies the following State Law Settlement Class pursuant to Fed. R. Civ. P. 23 for settlement purposes only in accordance with the terms of the Settlement Agreement:

> Any and all persons employed by Auto Reflections, Inc. who worked and were paid on a piece rate basis and/or hourly basis at a location in the State of Georgia and/or the State of Ohio on or after July 12, 2013 to the date of preliminary approval of the Settlement Agreement.

7. The Court finds that the State law Settlement Class meets all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

8. The Court-approved Settlement Notice sent to the members of the Settlement Classes pursuant to the Settlement terms, as described in the Claims Administrator's declaration, was the best practicable means of providing notice under the circumstances and constitutes due and sufficient notice of the Settlement to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed R. Civ. P. 23, due process, the Constitution of the United States, the laws of the State of Georgia and Ohio and all other applicable laws.

9. No member of the FLSA Settlement Class has objected to the Settlement. All members of the FLSA Settlement Class who have opted in are bound by all the terms and provisions of the Settlement Agreement, the Final

Approval Order, the Final Judgment, and the releases set forth therein, are deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement, and are enjoined from proceeding against the Defendants for the claims made in the Fourth Amended Complaint.

10. All members of the FLSA Settlement Class who have not opted into the settlement are hereby barred from receiving any settlement payment as part of the FLSA Settlement Class pursuant to the settlement.

11. No member of the State Law Settlement Class has objected to or requested exclusion from the settlement. All members of the State Law Settlement Class shall receive a settlement payment as part of the State Law Settlement Class as set forth in the Settlement Agreement, shall be bound by all the terms and provisions of the Settlement Agreement, the Final Approval Order, the Final Judgment, and the releases set forth therein, are deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement, and are enjoined from proceeding against the Defendants for the claims made in the Fourth Amended Complaint.

12. The Court approves the payment of settlement administrator fees and costs to the Court-appointed Claims Administrator, Simpluris, Inc., by Auto

Reflections, Inc. separately from the Maximum Gross Settlement Amount in accordance with the terms of the Settlement Agreement.

13. For the purposes of settlement only, the Court finds that named Plaintiffs Erskine Littleton, Cassandra Tyson, Fernandus Glass, Patrick Harvey, Prince Manuel, Ronald May, Brady Fears and Wayne Walker, satisfy the adequacy requirements of Fed. R. Civ. P. 23(a)(4) because they have an interest in vigorously pursuing the claims of the class and do not have interests antagonistic to the interests of the other class members. *See Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987).

14. For the purposes of settlement only, the Court finds that The Law Offices of Brandon A. Thomas, P.C., previously appointed as Class Counsel for the Settlement Classes, satisfies the adequacy requirements of Fed. R. Civ. P. 23(a)(4).

15. The Court finds reasonable Class Counsel's request for $40,000.00 in attorneys' fees and costs, which is 21.1% of the Maximum Gross Settlement Amount, and directs payment of this amount from the Maximum Gross Settlement Amount. The fee award is justified by the work that Class Counsel did in negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims.

16. The Court finds reasonable the requested incentive payments to the named Plaintiffs in the total amount of $37,500.00 based on Plaintiffs' services rendered on behalf of the class and collective. The Court directs the incentive payments to be paid from the Maximum Gross Settlement Amount in the amounts set forth in the Settlement Agreement.

17. The Court approves the settlement payments to be made to the Plaintiffs, the Opt-In Plaintiffs, and members of the Settlement Classes.

18. Within twenty calendar days after the Final Approval Order becomes a final unappealable order, Auto Reflections, Inc. shall pay the Maximum Gross Settlement Amount to the Claims Administrator.

19. Within twenty calendar days after the Final Approval Order becomes a final unappealable order, the Claims Administrator shall mail the Settlement Payments to the members of the Final Settlement Classes along with a copy of this Final Approval Order, the approved Incentive Payments to the named Plaintiffs, and the approved attorneys' fees and costs to Class Counsel.

20. The Court approves any Settlement Payments that have not been negotiated after one hundred and eight calendar days, together with any interest that accrued on the Maximum Gross Settlement Amount, to be returned to Auto Reflections, Inc. in accordance with the terms of the Settlement Agreement.

21. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

22. If the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, or the Settlement is not consummated for any reason whatsoever, the certification of the Settlement Classes shall automatically be cancelled and shall be void, and the Defendants, pursuant to the terms of the Settlement Agreement, shall have reserved all of their rights to challenge the propriety of collective action certification or class action certification for any purpose, including the opposition to any and all class or collective certification motions in this action, to contest the adequacy of any plaintiff as representative of any collective or class, and to contest the adequacy of Plaintiffs' counsel as adequate Class Counsel. Additionally, Plaintiffs reserve all of their rights, including the right to continue with the litigation as set forth in the Settlement Agreement, should the Settlement Agreement not be consummated.

23. The Court hereby dismisses with prejudice this action, and all claims contained therein.

24. The Court retains jurisdiction over the interpretation, implementation, and enforcement of the Settlement Agreement.

SO ORDERED, this 15th day of October 2019.

_____
Hon. Timothy C. Batten, Sr.
United States District Judge